## HAMMONDS v. LLOYDS FIRE & CAS. ASSUR. OF SAN ANTONIO et al.

No. 12536.

Court of Civil Appeals of Texas. San Antonio.

March 4, 1953.

Rehearing Denied April 1, 1953.

Glendon Roberts and Dent Taylor, Bandera, for appellant.

Forrest A. Bennett and Lang, Byrd, Cross & Ladon, San Antonio, for appellee.

W. O. MURRAY, Chief Justice.

This suit was instituted in the 57th District Court of Bexar County, Texas, by Lloyds Fire and Casualty Assurance of San Antonio, Texas, and William A. Bedell, its attorney-in-fact, against Ralph W. Hammonds, doing business as Hammonds and Company, for an accounting, the cancellation of the Contract of General Agency, and the Power of Attorney, entered into between the parties, the appointment of a receiver, and for temporary restraining order and temporary injunction. The temporary restraining order was issued without notice, and upon a hearing the court overruled appellant's plea in abatement based on the pendency of a prior suit in the 38th District Court of Bandera County,

Texas. Upon a subsequent hearing the court appointed a receiver and granted a temporary injunction against defendant, from which judgment Ralph W. Hammonds has prosecuted this appeal.

By his first point appellant contends the court erred in overruling his plea in abatement based on the pendency of a prior suit in the 38th District Court of Bandera County, involving the same parties and the same subject matter. We overrule this point. This is an appeal from an interlocutory order appointing a receiver and granting a temporary injunction, and upon such an appeal appellant does not have the right to have us review the action of the trial court in rendering an interlocutory order overruling his plea in abatement. Such matter can only be heard by us when the case is appealed upon its merits and from a final judgment in the case. Zanes v. Mercantile Bank & Trust Co. of Texas, Tex.Civ.App., 49 S.W.2d 922.

In Beacon Oil & Refining Co. v. State, Tex.Civ.App., 56 S.W.2d 519, the Court said:

"Appeals from interlocutory orders are not allowed except in the specific instances authorized by statute. Our statutes do not allow appeal from interlocutory orders granting or overruling pleas in abatement on the ground of another suit pending. Review of such orders can only be had in an appeal from a final judgment. The instant appeal is only from the interlocutory temporary injunctive order, and does not confer jurisdiction to review the order overruling the plea in abatement."

See also: Texas State Federation of Labor v. Brown & Root, Inc., Tex.Civ.App., 246 S.W.2d 938; Richter v. Hickman, Tex.Civ.App., 243 S.W.2d 466; Hastings Oil Co. v. Texas Co., Tex.Sup., 234 S.W.2d 389; Witt v. Witt, Tex.Civ.App., 205 S.W.2d 612, 613; Crum v. Randall, Tex.Civ.App., 198 S.W.2d 936; Hughes v. Keeling, Tex.Civ.App., 198 S.W.2d 779.

Appellant's next contention is that the trial court was without jurisdiction to appoint a receiver and grant a temporary injunction because this entire suit was abated by a prior suit pending in the 38th District Court of Bandera County, involving the same parties, subject matter and causes of action. As we understand this contention, it is to the effect that independent of the plea in abatement and as a matter of law, ipso facto, the pending of the cause in the Bandera County court abated the cause pending in the Bexar County court. We cannot agree with this contention. At the hearing on the plea in abatement appellees raised the question that there was not an identity of suits and that the suit in Bandera County was not filed in good faith. We must presume that the trial court ruled correctly upon appellant's plea in abatement, unless and until such order is reversed upon an appeal from a final judgment. We cannot here assume that the trial court was in error in overruling the plea in abatement, and that the Bandera County suit abates the Bexar County suit as a matter of law.

The order granting the temporary injunction and appointing a receiver is affirmed.