**The CITY OF SAN ANTONIO, Appellant,**

**v.**

**PRODUCERS ASSOCIATION OF SAN ANTONIO, Appellee.**

**No. 3383.**

Court of Civil Appeals of Texas.

Eastland.

May 23, 1958.

Rehearing Denied June 13, 1958.

Carlos C. Cadena, City Atty., Charles L. Smith, Asst. City Atty., San Antonio, for appellant.

Frank D. Masters, Harold Nelson, San Antonio, for appellee.

WALTER, Justice.

This is an appeal from a judgment granting a temporary injunction in favor of Producers Association of San Antonio against the City of San Antonio from enjoining an ordinance providing for the collection of an inspection fee to be paid by all producers of milk sold in the City of San Antonio.

The city predicates its appeal on six points of error which are substantially as follows: (1) the charges imposed by the ordinance are license fees and not occupation taxes, (2) the city has the power to inspect dairies outside its corporate limits if their milk is sold in the city and charge a reasonable fee for such inspection, (3) the court erred in enforcing the collection of the fees in question in the absence of evidence showing the fees to be unreasonable, discriminatory, arbitrary, capricious, excessive or otherwise invalid, (4) the court erred in granting the injunction because there was no evidence of irreparable injury or substantial damage to appellee, (5) the ordinance does not unlawfully delegate legislative authority and (6) since appellant is not engaged in the business of producing milk it has no justiciable interest to maintain this action.

The appellee is a co-operative marketing association organized under the Texas Marketing Act, Vernon's Ann.Civ.St. art. 5737 et seq. It has been for several years engaged in the business of marketing the milk of its members in the San Antonio market. It derives its income from its members computed at the rate of 10¢ per hundred weight of all milk sold by the producer members which amounts to approximately $150,000 per year. It markets approximately $25,000,000 worth of milk annually and is presently constructing a $300,000 plant in the City of San Antonio. Its manager testified it had approximately 450 members. The manager further testified that since receiving the news of the new milk ordinance he has had many calls from his members indicating their intention of withdrawing from his organization and finding other markets for their milk. He has had two actual withdrawals.

The appellee alleges the ordinance was void and invalid because it violated the United States and Texas Constitutions, the City Charter, conflicts with the State Statutes, is discriminatory, unequal, not uniform, unreasonable, and is an unlawful delegation of legislative authority to an administrative officer, and for the further reason that it is a purported regulation under the police power which is not reasonably necessary for the protection of the public health, and is in fact an illegal occupation tax on milk producers whose milk is sold or consumed in the City of San Antonio. And in fourteen paragraphs it pleads fully and in detail, facts sufficient to entitle it to a temporary injunction, subject to proof.

The appellant denied that the fee charged was an occupation tax and alleged the ordinance was only an amendment to its comprehensive milk ordinance and was based on the exercise of its police power in the interest of public health. It further alleged that the fees imposed were valid license fees legally imposed for the purpose of financing the cost of regulating the milk business.

It was stipulated by the parties that the city contemplated no change in making inspections of milk producers or dairies or dairy farms under the new ordinance and would continue rendering the same service that was rendered in the past under the old ordinance. The only change made in the new ordinance was increasing the inspection fee from $12 to $20 a year and providing for, in addition to the annual inspection fee, mileage fees for original inspection from $13 to $143 and providing for mileage fees for reinspection of from $1.08 to $11.92, depending on the distance the place to be inspected is from the City of San Antonio. The ordinance also contained the following provision:

"2. This ordinance is enacted as an emergency measure because the immediate provision of adequate revenues for the health inspections is necessary for the preservation of the public health."

We have concluded that the judgment of the trial court should be affirmed.

The law is well settled in this State that the purpose in granting a temporary injunction is to maintain the status quo in regard to the matter in controversy and not to determine the respective rights of the parties. See Morgan v. Smart, Tex.Civ. App., 88 S.W.2d 769.

In the case of Texas Foundries, Inc., v. International Moulders and Foundry Workers' Union, 151 Tex. 239, 248 S.W.2d 460, 462, our Supreme Court speaking through Chief Justice Hickman said:

"The trial court is clothed with broad discretion in determining whether or not to issue a temporary injunction to preserve the rights of the parties pending a final trial of the case, and when that discretion is exercised its order should not be overturned unless the record discloses a clear abuse of discretion."

When does the trial court abuse its discretion in granting a temporary injunc-

tion? Our Supreme Court in Southwestern Greyhound Lines, Inc., v. Railroad Commission of Texas, 128 Tex. 560, 99 S.W.2d 263, 270, 109 A.L.R. 1235, answers this question:

> "If the petition does allege a cause of action and evidence tending to sustain such cause of action is introduced, then there is no abuse of discretion by the trial court in issuing the temporary injunction. 24 Tex.Jur. pp. 213, 214, § 253."

■ The appellant's point that appellee does not have a justiciable interest sufficient to maintain an action to enjoin the enforcement of the city ordinance is without merit. See Article 5737, Revised Civil Statutes, Vernon's Ann.Civ.St. art. 5737; paragraph (g) of Article 5742, Revised Civil Statutes, Vernon's Ann.Civ.St. art. 5742(g); 28 Tex.Jur. 684, Section 20; and, 28 Tex.Jur. 686, Section 22.

■ The appellant filed its plea in abatement on September 10, 1957, and same shows to have been overruled by the Court on September 16, 1957. Of course, on this appeal from the interlocutory order granting a temporary injunction we can not review the action of the court in overruling appellant's plea in abatement. See Hammonds v. Lloyds Fire and Casualty Assurance of San Antonio, Tex.Civ.App., 256 S.W.2d 223. Appellant's original answer was filed September 10, 1957, in which it excepted to appellee's petition. We doubt if the exceptions would have been good if they had been urged. However, the record does not show that these exceptions were called to the court's attention or were acted upon by the court. They were, therefore, waived. Rule 90.

■ We have examined appellee's pleadings and find that same contain all the necessary allegations to assert a good cause of action for a temporary injunction. We will next consider if the appellee introduced any evidence "tending to sustain such cause of action".

■ The appellee pleaded that the license fee was such in name only and in truth and in fact was a revenue producing device and was, therefore, in fact an unlawful occupation tax. Section 2 of the ordinance, quoted above, is some evidence that tends to establish that the ordinance was passed to raise revenue. The parties entered into the following stipulation:

> "Mr. Masters: It has been made a matter of stipulation here that the City, The City of San Antonio and the Producers Association of San Antonio agree to stipulate that the City of San Antonio contemplated no change in the inspections, in making these inspections of the milk producers or dairies, or dairy farms, as a result of this ordinance that was passed on July 6, 1957. July 27, 1957, that is.
>
> "The Court: In other words, they are going to continue rendering the same service that was rendered in the past under the old ordinance?
>
> "Mr. Cadena: They just charge more."

It was the further contention of the appellee that Section 19 of Article 1175 of the Revised Civil Statutes, Vernon's Ann.Civ. St. art. 1175, subd. 19, provided the power for the city to "inspect dairies" and does not give the city the power to charge a fee for such inspection, when inspection is made outside the corporate limits of the city. It would be premature for us to construe this statute to determine if the city does or does not have such authority to inspect dairies outside the corporate limits of the city and charge a fee therefor.

Evidence was also introduced tending to sustain other issues made by the pleadings, but no useful purpose would be served and we do not deem it necessary to burden this opinion with further detailed discussion of same.

■ It would be premature for this court to decide or attempt to decide if the

charges provided for in the ordinance are excessive to the extent that the ordinance is unreasonable and void. Likewise, it would be premature for us to determine if the effect of the ordinance as applied to the "three can producer" under the particular circumstances of his case is unreasonable and discriminatory. The purpose of a temporary injunction is to preserve the status quo in regard to the matter in controversy and not to determine the rights of the parties under the pleadings. Also all evidence must be viewed by this Court in the light which is most favorable to the trial court's judgment.

Because the appellee has pleaded a good cause of action and introduced competent evidence which tends to prove its case for a temporary injunction, the judgment of the trial court should be affirmed and it is so ordered.