**DALLAS COUNTY and the Dallas County District Clerk, Appellants,**

v.

**Averill SWEITZER and Walter Kowalski, Appellees.**

No. 05–93–00056–CV.

Court of Appeals of Texas, Dallas.

May 31, 1994.

Rehearing Denied July 11, 1994.

Henry J. Voegtle, Dallas, for appellants.

Timothy E. Kelley, Dallas, Christa Brown, Austin, for appellees.

Before McGARRY, C.J., and BAKER and OVARD, JJ.

## OPINION ON MOTION FOR REHEARING

BAKER, Justice.

We deny both appellant and appellee's motions for rehearing. We withdraw our opinion and judgment of February 14, 1994. The following is now the court's opinion.

Dallas County and the Dallas County District Clerk (collectively the County) appeal the trial court's judgment imposing penalties and enjoining collection of certain fees. Sweitzer[1] and Kowalski (collectively Sweitzer) sued the County alleging it overcharged and collected fees at filing not authorized by law. Sweitzer alleged section 51.321 of the Government Code[2] entitled him to four-fold penalties.

The trial court granted Sweitzer partial summary judgment finding the County improperly collected certain fees. After a bench trial, the trial court entered an interlocutory judgment enjoining collection of the fees. Based on a Master's report, the trial court entered judgment awarding Sweitzer $2,275,568 in penalties under section 51.321.

The County raises three points of error that are dispositive of this appeal. The County contends the trial court erred: (1) in finding the County improperly collected the fees; (2) in imposing penalties under section 51.321; and (3) in granting Sweitzer injunctive relief. We sustain the County's points of error complaining about the trial court: (1) imposing penalties under section 51.321; (2) finding the County improperly collected the law library fee, $2 of clerk fee, and ADR fee; and (3) enjoining collection of the law library, $2 of clerk fee, and ADR fee. We reverse the trial court's penalty award. We modify and affirm as modified the trial court's injunction.

## PROCEDURAL BACKGROUND

Sweitzer claimed section 51.321 entitled him to four-fold penalties on six different fees charged in cases Sweitzer filed since 1979. Sweitzer claimed the County could not collect the fees at filing or before the County performed the services. Sweitzer complained about $2 of the clerk fee, the sheriff fee, the court reporter fee, the appellate fee, the law library fee, and the alternative dispute resolution (ADR) fee.

The trial court granted Sweitzer partial summary judgment. The trial court held the County unlawfully collected the court reporter and appellate fees, and $2 of the clerk fee at filing. Sweitzer, in a later pleading, complained of the County's collection of two more fees: the law library and ADR fees. Sweitzer also claimed the County's collection of the fees at filing violated article I, section 13 of the Texas Constitution.

---

1. We note appellee Averill Sweitzer's death during the pendency of this appeal. We nevertheless decide the appeal on its merits as dictated by the Rules of Appellate Procedure. TEX.R.APP.P. 9(a).

2. TEX.GOV'T CODE ANN. § 51.321 (Vernon 1988). Unless otherwise noted, all references are to the Texas Government Code.

After a bench trial, the trial court found section 51.321 entitled Sweitzer to penalties for the following illegal fees charged by the County as a cost deposit since August 21, 1986:

1. Excessive Clerk Fee of $2;
2. Sheriff Fee of $23 from August 21, 1986 to January 21, 1988, when it became $30;
3. Court Reporter Fee of $3 from August 21, 1986 until September 1, 1989 when the fee became $15;
4. Appellate Fee of $5 from October 1, 1987 to September 28, 1989.

The trial court found that Sweitzer could recover for the following illegal fees collected by the District Clerk for cost deposits since January 1, 1988:

1. Law Library Fee of $10 from January 1, 1988 until January 1, 1992, when the fee changed to $15;
2. Mediation Fee of $8 from January 1, 1988 to date.

The trial court enjoined the County from collecting as a cost deposit: (1) a clerk fee of more than $46; (2) a court reporter fee of $15; (3) a sheriff fee of $30; (4) a law library fee of $15; and (5) an ADR fee of $8.

The trial court directed a Master to determine the fees the County collected at filing in suits Sweitzer filed. The trial court quadrupled the fees charged and awarded Sweitzer penalties of $2,275,568 under section 51.321. The trial court did not award any actual damages for the amounts improperly charged. The trial court awarded pre-judgment interest at six percent and post-judgment interest at ten percent.

## NOTICE OF APPEAL

### A. Parties' Contentions

Sweitzer contends the County did not perfect an appeal of the penalty award because the notice of appeal does not refer to it. The County responds that its notice of appeal is not a notice of limitation of appeal because it filed the notice of appeal after the deadline for a notice of limitation of appeal. *See* TEX.R.APP.P. 40(a)(4).

### B. Applicable Law

In cases not requiring security for costs, a party must file a written notice of appeal. TEX.R.APP.P. 40(a)(2). A notice of appeal is sufficient if it states the number and style of the case, the trial court, and that the appellant desires to appeal from the judgment. TEX.R.APP.P. 40(a)(2). No attempt to limit an appeal is effective unless all parties receive notice specifying the part of the judgment from which a party appeals. When a party files a motion for new trial, parties must receive the notice within seventy-five days after judgment. TEX.R.APP.P. 40(a)(4).

We give the Rules of Appellate Procedure liberal construction, particularly as they relate to filing a notice of appeal. *See El Paso Cent. Appraisal Dist. v. Montrose Partners,* 754 S.W.2d 797, 799 (Tex. App.—El Paso 1988, writ denied) (op. on reh'g); *State Dept. of Highways and Public Transportation v. Douglas,* 577 S.W.2d 559 (Tex.Civ.App.—Corpus Christi 1979, writ ref'd n.r.e.). A technical application of the rules should not defeat the right to appeal. *Sanders v. Aetna Life Ins. Co.,* 201 S.W.2d 234, 236 (Tex.Civ.App.—Galveston), *rev'd on other grounds,* 146 Tex. 169, 205 S.W.2d 43 (1947). Where doubt exists about a rule's meaning, we resolve the issue to sustain rather than to defeat the appeal. *Sanders,* 201 S.W.2d at 236.

### C. Application of Law to Facts

The County's notice of appeal was not effective to limit the appeal. *See* TEX. R.APP.P. 40(a)(4). Applying a liberal construction, we find the County's notice of appeal perfects an appeal from the trial court's final judgment. *Sanders,* 201 S.W.2d at 236. We overrule Sweitzer's first reply point.

## PENALTY AWARD

The County claims the trial court erred in assessing four-fold penalties on the fees the County collected at filing. The County acknowledges it charged the fees. However, the County contests the trial court's application of law to the undisputed facts. To determine whether the penalty award is proper,

we review the trial court's application of section 51.321 to the facts.

## A. Applicable Law

### 1. Standard of Review

■■■ We review conclusions of law as a matter of law, not for sufficiency of the evidence. *See First Nat'l Bank v. Kinabrew,* 589 S.W.2d 137, 146 (Tex.Civ.App.—Tyler 1979, writ ref'd n.r.e.). We have the duty independently to evaluate conclusions of law. *MJR Corp. v. B & B Vending Co.,* 760 S.W.2d 4, 10 (Tex.App.—Dallas 1988, writ denied). We review the legal conclusions drawn from the facts found to determine their correctness. *Mercer v. Bludworth,* 715 S.W.2d 693, 697 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.), *overruled on other grounds,* 801 S.W.2d 890, 894 (Tex. 1991).

■■■ When we review the trial court's factual determinations we may not substitute our judgment for that of the trial court. *See Flores v. Fourth Court of Appeals,* 777 S.W.2d 38, 41–42 (Tex.1989), *modified on other grounds,* 851 S.W.2d 193 (Tex.1993). However, we review the trial court's determination of the legal principles controlling its ruling with much less deference. A trial court has no discretion in determining what the law is or applying the law to the facts. *Walker v. Packer,* 827 S.W.2d 833, 840 (Tex. 1992).

### 2. Statutory Construction

■■■ We construe a statute to give effect to legislative intent. *Harris County Dist. Attorney's Office v. J.T.S.,* 807 S.W.2d 572, 574 (Tex.1991); *McCulloch v. Fox & Jacobs, Inc.,* 696 S.W.2d 918, 921 (Tex.App.— Dallas 1985, writ ref'd n.r.e.). When the wording of a statute is ambiguous, we consult statutory construction rules. *See Matrix, Inc. v. Provident Am. Ins. Co.,* 658 S.W.2d 665, 667 (Tex.App.—Dallas 1983, no writ).

■■■ We review an act as a whole. We do not give a statute a meaning that conflicts with other provisions if we can harmonize the provisions. *Estate of Padilla v. Charter Oaks Fire Ins. Co.,* 843 S.W.2d 196, 198 (Tex.App.—Dallas 1992, writ denied).

We do not interpret a statute in a manner that will lead to a foolish or absurd result when another alternative is available. *Estate of Padilla,* 843 S.W.2d at 199.

■■■ If the disputed statute is clear and unambiguous, extrinsic aids and rules of statutory construction are inappropriate. *Cail v. Service Motors, Inc.,* 660 S.W.2d 814, 815 (Tex.1983); *McCulloch,* 696 S.W.2d at 921. Words in statutes have their ordinary meaning unless the statute defines them or the words apply to a particular trade or subject matter or are a term of art. TEX. GOV'T CODE ANN. § 312.002 (Vernon 1988); *Hopkins v. Spring Indep. Sch. Dist.,* 736 S.W.2d 617, 619 (Tex.1987); *Estate of Padilla,* 843 S.W.2d at 198.

## B. Section 51.321

Section 51.321 of the Government Code states:

> If a district clerk charges and receives a higher fee than is authorized under *this subchapter* or charges and receives a fee that is not authorized under *this subchapter,* the clerk is liable to the party charged for an amount equal to four times the amount unlawfully charged and received.

TEX.GOV'T CODE ANN. § 51.321 (Vernon 1988) (emphasis added). The subchapter referred to in section 51.321 is subchapter D of chapter 51 of the Government Code. Subchapter D concerns the fees charged for the services of district clerks.

Most of the statutes authorizing the fees Sweitzer complains about are not in subchapter D. *See* TEX.GOV'T CODE ANN. § 22.2061 (Vernon Supp.1994) (the appellate fee); TEX. GOV'T CODE ANN. § 51.601 (Vernon Supp. 1994) (the court reporter fee); TEX.LOCAL GOV'T CODE ANN. § 118.131 (Vernon 1988) (the sheriff fee); TEX.LOCAL GOV'T CODE ANN. § 323.023 (Vernon 1988 and Vernon Supp. 1994) (the law library fee); TEX.CIV.PRAC. & REM.CODE ANN. § 152.004 (Vernon Supp. 1994) (the ADR fee).

The issue is whether section 51.321 applies to fees authorized by statutes not in subchapter D.

## C. Application of Law to Facts

One could read section 51.321 to mean it applies to any fee not authorized by subchapter D. This reading of section 51.321 would lead to an absurd result. Under that construction, section 51.321 provides a four-fold penalty anytime the district clerk collects a fee not provided for in subchapter D. We do not adopt an absurd result when another alternative is available. *See Estate of Padilla,* 843 S.W.2d at 199.

 Subchapter D only concerns fees collected for district clerk services. Most of the complained of fees do not concern fees for district clerk services; they are fees for support of the judicial system or services of other offices. We construe section 51.321 to apply only to fees collected for district clerk services unauthorized by subchapter D or collected in an amount higher than authorized by subchapter D. We hold fees authorized by other statutes are not subject to the four-fold penalty.

 The trial court erred in applying section 51.321 to fees authorized by statutory provisions not in subchapter D. The trial court erred when it included the amount charged for the appellate, the sheriff, the court reporter, the law library, and the ADR fees when determining the penalty. These fees are not for district clerk services; they are for judicial support and services of other offices. Section 51.321 does not apply to these fees.

 The only fee subject to section 51.321 is $2 of the clerk fee. Sweitzer contends the County cannot collect the additional $2 fee because the legislature has set the filing fee.[3] The County argues it can charge reasonable fees for additional services performed for which the legislature has not set a fee. The County relies on section 51.319(5) to authorize reasonable fees for additional services.

Section 51.319(5) states:

The district clerk shall collect the following fees for services performed by the clerk:

(5) for performing any other service prescribed or authorized by law for which no fee is set by law, a reasonable fee.

TEX.GOV'T CODE ANN. § 51.319(5) (Vernon 1988). The Deputy Dallas County Clerk in charge of family law cases testified the clerk's office has additional responsibilities in family law cases. She testified the additional responsibilities relate to furnishing and collecting forms for other county offices.

We cannot properly classify the $2 charge as a filing fee. The additional services do not relate to the clerk's duties in filing a lawsuit. The fee is for the described additional services in family law cases. Sweitzer's argument that the County illegally charged the $2 fee because the legislature had already set the filing fee is without merit. The legislature set the basic fee for sending a form to the Bureau of Vital Statistics, but the $2 fee is a fee for a service performed besides filing the form.

Sweitzer cites an attorney general opinion that concludes a clerk cannot use section 51.319 to set a reasonable fee for filing each judgment and payment. *See* Op.Tex.Att'y Gen. No. JM–384 (1985). Here, the County is not trying to set a reasonable fee for filing documents. The County is setting a reasonable fee for furnishing and collecting forms of other county offices. Section 51.319(5) authorizes the County to charge a reasonable fee for additional duties. Because subchapter D authorized the County to collect the $2 clerk fee, the amount the County charged was not subject to section 51.321.

We hold the trial court erred by applying section 51.321 to the fees the County collected and by awarding four-fold penalties. We find section 51.321 applies only to fees for district clerk services authorized by subchapter D of Chapter 51 of the Government Code. We hold Dallas County lawfully collected $2 of the clerk fee under section 51.319(5). We sustain the County's points of error nineteen through twenty-three.

---

**3.** Initially Sweitzer complained of the additional $3 charged in divorce cases. The trial court only awarded penalties based on $2 of the additional charge. The trial court did not award penalties on the $1 fee authorized for sending a form to the Bureau of Vital Statistics. *See* TEX.HEALTH & SAFETY CODE ANN. § 194.002 (Vernon 1992).

The County did not complain about the award of penalties based on $2 of the clerk fee. However, the County complains about the trial court finding it unlawfully collected $2 of the clerk fee. We hold the County lawfully collected $2 of the clerk fee as a reasonable fee under section 51.319(5). The trial court erred by awarding penalties on a fee lawfully charged under subchapter D. We sustain the County's points of error thirteen and fourteen.

## OPEN COURTS DOCTRINE

### A. Parties' Contentions

On appeal Sweitzer argues the sheriff and court reporter fees violate article I, section 13 of the Texas Constitution. The County claims there is statutory authority to collect the fees. Sweitzer raised his open courts argument in the trial court. The trial court entered judgment for Sweitzer. However, the trial court did not make any findings of fact or conclusions of law to support its judgment.

### B. Applicable Law

When a trial court does not make findings of fact or conclusions of law, we affirm the judgment on any legal theory finding support in the evidence. *Lassiter v. Bliss,* 559 S.W.2d 353, 358 (Tex.1977), *overruled on other grounds,* 763 S.W.2d 768 (Tex. 1989); *Lute Riley Motors, Inc. v. T.C. Crist, Inc.,* 767 S.W.2d 439, 440 (Tex.App.—Dallas 1988, writ denied).

The open courts provision, article I, section 13 states:

All courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law.

TEX. CONST. art. I, § 13. The open courts provision is independent of other constitutional provisions. *Nelson v. Krusen,* 678 S.W.2d 918, 921 (Tex.1984). The legislature cannot arbitrarily or unreasonably interfere with a litigant's right of access to the courts. *See Neagle v. Nelson,* 685 S.W.2d 11, 12 (Tex.1985). The open courts provision test balances the legislature's actual purpose in enacting a law against the law's interference with the individual's right of access to the courts. *Sax v. Votteler,* 648 S.W.2d 661, 665–66 (Tex.1983).

Charging litigants who can pay a reasonable fee for judicial support services does not violate the open courts provision. Filing fees and court costs are usually constitutional. *LeCroy v. Hanlon,* 713 S.W.2d 335, 342 (Tex.1986). However, a filing fee deposited in the state's general revenue fund is an arbitrary and unreasonable interference with a litigant's right of access to the courts. It is unreasonable and arbitrary because it is a general revenue tax on the right to litigate. *LeCroy,* 713 S.W.2d at 341. The money collected can go to programs other than the judiciary. *LeCroy,* 713 S.W.2d at 341. It is immaterial that the State spends money from the general revenue fund on the judiciary. *See LeCroy,* 713 S.W.2d at 342.

### C. Application of Law to Facts

Sweitzer argues the sheriff and court reporter fees are unconstitutional because the County deposited them in the County's general fund. The County relies on *LeCroy* to argue that fees and costs to support the judicial system do not violate the open courts provision.

The statute authorizing the sheriff fee does not dictate where the County should deposit the fee. *See* TEX.LOCAL GOV'T CODE ANN. § 118.131 (Vernon 1988). However, the record shows the County deposits the fee in the County's general fund. Under *LeCroy,* the County's practice of depositing the sheriff fee in the general fund violates the open courts provision. The County could spend the collected fees on county programs besides the judiciary. Under the County's practice, the fee is a general revenue tax on the right to litigate. *See LeCroy,* 713 S.W.2d at 341.

The statute authorizing the court reporter fee requires the County to deposit the fee in the County's general fund. *See* TEX. GOV'T CODE ANN. § 51.601(a) (Vernon Supp. 1994). This statute is similar to the statute in *LeCroy* that required the counties to forward the fee to the state general revenue

fund. Section 51.601 violates the open courts provision because it directs the County to deposit the fee in the County's general fund. The County can then spend the fee on programs other than the judiciary. *LeCroy,* 713 S.W.2d at 341.

We hold the County's practice of depositing the sheriff fee in the County's general fund violates the open courts provision. We hold section 51.601 violates the open courts provision to the extent it requires the County to deposit the court reporter fee in the County's general fund. We overrule the County's points of error seven through ten to the extent they complain of the trial court's reliance on the open courts provision to find the County improperly collected the fees.

## THE COUNTY'S APPLICATION OF STATUTES AUTHORIZING THE FEES

The County contends the trial court erred in finding it improperly collected the fees at the time of filing. Sweitzer claimed the law authorized some of the fees, but the County did not collect them as provided by the statutes.

We have held the sheriff and court reporter fees violate the open courts provision. The issue remains whether the County followed the statutes when it collected the fees at filing. We must resolve this issue because if the County collected the fees contrary to the authorizing statutes, it was an unlawful act. Whether the County's conduct was unlawful depends not on where the County deposited the fees, but how the County collected the fees.

### A. Sheriff Fee

Section 118.131 provides:

(a) The commissioners court of a county may set reasonable fees to be charged for services by the offices of the sheriff and constables.

(b) The commissioners court may not set fees higher than is necessary to pay the expenses of providing the services.

\* \* \* \* \* \*

Tex.Local Gov't Code Ann. § 118.131(a), (b) (Vernon 1988).

▬ Sweitzer argues that under section 118.131 the County cannot collect the sheriff fee until the sheriff or constable performs the service. The County relies on a predecessor statute providing for this fee to argue that section 118.131 authorizes the County to collect this fee when a party files a lawsuit. The predecessor statute provides:

(a) Sheriffs and Constables shall receive the following fees:

\* \* \* \* \* \*

"For each case tried in District or County Court, a jury fee of $5.00...."

Act of June 11, 1979, 66th Leg., R.S., ch. 519, 1979 Tex.Gen.Laws 1103. The County overlooks the differences between section 118.131 and its predecessor. Section 118.131 authorizes reasonable fees for services provided by the sheriff. Section 118.131's predecessor did not limit the sheriff to receiving fees for services performed. The sheriff collects this fee as a jury fee. The County did not provide any evidence in the trial court or on appeal to show what service the sheriff provides for the jury fee. Without a service performed to support the fee, section 118.131 does not support collection of the fee.

▬ We find the County did not prove section 118.131 authorized collection of the sheriff fee because there is no evidence that the sheriff provides a service for this fee. The County's procedure of collecting the sheriff fee as a deposit of costs at the time of filing is improper. We overrule the County's points of error seven and eight because the County improperly collected the fee at filing by not following the authorizing statute.

### B. Court Reporter Fee

The statute that authorized the court reporter fee until 1989 provided:

The clerk of each court that has an official court reporter shall collect a court reporter fee of $3 as a court cost in each civil case in which an answer is filed and a record of evidence presented in the case is made by the reporter....

Act of June 12, 1985, 69th Leg., R.S., ch. 480, § 1, 1985 Tex.Gen.Laws 1985, *amended by* Act June 16, 1989, 71st Leg., R.S., ch. 1080,

§ 6, 1989 Tex.Gen.Laws 4356. The current statute authorizing the court reporter fee provides:

> The clerk of each court that has an official court reporter shall collect a court reporter fee of $15 as a court cost in each civil case in which a record of evidence presented in the case is made by the reporter....

TEX.GOV'T CODE ANN. § 51.601(a) (Vernon Supp.1994). The County, under the plain language of the statutes, can collect the fee only when a court reporter made a record of the evidence presented. Before 1989, the County could not collect a court reporter fee unless a party also filed an answer.

 The record shows the County collected the fee at filing to ease administration. This procedure is contrary to the authorizing statutes. The statutes do not authorize the County to collect the court reporter fee as a cost deposit at the time of filing. We overrule the County's points of error nine and ten because the County improperly collected the fee by not following the authorizing statute.

### C. Law Library and ADR Fees

Sweitzer argues the authorizing statutes do not allow the County to collect the law library and ADR fees as part of filing fees. The County argues rule 142 of the Rules of Civil Procedure allowed it to collect the fees as security for costs. *See* TEX.R.CIV.P. 142 (Vernon 1979). In 1988, the Supreme Court amended rule 142 to provide that the clerk can collect only fees for services performed. TEX.R.CIV.P. 142. Rule 142, before amendment, provided authority for collecting these fees at the time of filing as a security for costs. TEX.R.CIV.P. 142 (Vernon 1979). However, the County can no longer rely on rule 142 to collect these fees as a deposit for costs.

The statute authorizing the law library fee provides:

> A sum set by the commissioners court not to exceed $20 shall be taxed, collected, and paid as other costs in each civil case filed in a county or district court, except suits for delinquent taxes. The county is not liable for the costs.

\* \* \* \* \* \*

TEX.LOCAL GOV'T CODE ANN. § 323.023 (Vernon Supp.1994). The statute authorizing the ADR fee provides:

> To establish and maintain an alternative dispute resolution system, the commissioners court may set a court cost in an amount not to exceed $10 to be taxed, collected, and paid as other court costs in each civil case, except suits for delinquent taxes, filed in a county or district court in the county.

\* \* \* \* \* \*

TEX.CIV.PRAC. & REM.CODE ANN. § 152.004 (Vernon Supp.1994).

Sweitzer relies on the clause "paid as other costs" to support his argument the County cannot collect the law library and ADR fees at the time of filing. Sweitzer's premise is that the County cannot collect the fee until the County performs the service. The question then is when are the services provided for by the law library and ADR fees performed?

 The service provided for by the law library fee is the county law library. The library allows attorneys and the public access to the state's jurisprudence. This service is a continuing service. Section 323.023 of the Local Government Code allows the clerk to collect the law library fee as other court costs. Because the law library fee supports a continuing service, we find the County performs this service when the litigant files suit. Section 323.023 authorizes the district clerk to collect the fee at filing.

 The service supported by the ADR fee is the judicially supervised alternative dispute resolution system. The County continually provides this service for all litigants. A party's duty to support the system is not dependent on whether he uses it. Every civil litigant in the County must pay the fee to support the ADR system. TEX.CIV. PRAC. & REM.CODE ANN. § 152.004 (Vernon Supp.1994). We find the County provides this service when the litigant files suit. Because the County provides the service supported by the ADR fee at the time of filing, section 152.004 authorizes the district clerk to collect the fee at filing.

We sustain the County's points of error three through six.

### D. Appellate Fee

In 1987 the Legislature passed a statute (the 1987 act) creating an appellate judicial system "in any county within a supreme judicial district in the state having a population of at least 1,900,000 persons ..." Act of June 11, 1987, 70th Leg., R.S., ch. 330, § 4, 1987 Tex.Gen.Laws 1745, *repealed by* Act of March 1, 1989, 71st Leg., R.S., ch. 2, § 8.02, 1989 Tex.Gen.Laws 137. The 1987 act allowed a county to collect a fee of not more than $5 per case to support the system. A participating county collected the fee as other court costs in each civil suit. Act of June 11, 1987, 70th Leg., R.S., ch. 330, § 4, 1987 Tex.Gen.Laws 1745 (repealed 1989). In 1989 the Legislature replaced this statute with a statute allowing each county in the Fifth Court of Appeals District to create an appellate judicial system. *See* TEX.GOV'T CODE ANN. § 22.2061 (Vernon Supp.1994).

Sweitzer argues the County unlawfully collected the appellate fee before 1989. He claims Dallas County did not have a population of at least 1,900,000. Sweitzer argues the 1987 act only authorized counties with a population of at least 1,900,000 within any judicial district to start an appellate judicial system and collect the fee. The County argues it falls within the 1987 act because the seven county fifth supreme judicial district had a population of at least 1,900,000.

We must determine which meaning the Legislature intended the 1987 act to have. The 1987 act is ambiguous because one could read it to have either meaning. We apply the rules of statutory construction. The title of the 1987 act offers insight into the legislative intent. It states:

> An act relating to authorization of county commissioners within certain *counties within a population bracket* to establish and finance a system to assist the administration of the judicial appellate process by the establishment of a court costs fee in certain cases.

Act of June 11, 1987, 70th Leg., R.S., ch. 330, § 4, 1987 Tex.Gen.Laws 1745 (repealed 1989) (emphasis added). The title of the 1987 act shows a legislative intent for the act to allow counties with a population of at least 1,900,000 to set up the system. We construe the 1987 act to authorize counties with a population of 1,900,000 to create an appellate judicial system and collect the supporting fee.

The 1987 act did not authorize the County to collect an appellate fee because Dallas County did not have a population of at least 1,900,000. We conclude the trial court correctly found the 1987 act did not authorize the County to collect the appellate fee from 1987 to 1989.

In its motion for rehearing, the County complains of our interpretation of the 1987 act. The County concedes the act is ambiguous on its face. Indeed the interpretations proposed by the County and Sweitzer are exactly opposite of each other. The Legislature has provided the courts with aids in construing statutes. TEX.GOV'T CODE ANN. § 311.023 (Vernon 1988). Section 311.023 provides the title of an act is a proper aid to use in construing statutes. TEX.GOV'T CODE ANN. § 311.023(7) (Vernon 1988).

The County argues it is error for this court to rely solely on the act's title to determine the legislative intent. The title of the act provides the only indication in the act of whether the population qualification applies to the county or appellate judicial district. The act's title also provides the only statement of what the object of the act was. It provides the object is "to establish and finance systems to assist the administration of the judicial appellate process by the establishment of a court costs fee in certain cases." The County does not provide this court with any other basis for interpreting the statute as it proposes. We find the County's argument on rehearing unpersuasive. We overrule the County's points of error one and two.

## INJUNCTIVE RELIEF

### A. Parties' Contentions

The trial court enjoined the County from collecting the disputed fees. Sweitzer argues equity required injunctive relief to prevent the County from continuing to collect the

improper fees. The County argues the trial court erred in granting the injunction because the fees are for judicial support services and the County properly collected them at filing. The amicus curiae brief by the Texas Association of Counties questions whether Sweitzer could ask for an injunction when he derived his standing to sue for penalties from those clients that paid the fees in the past.

### B. Applicable Law

 A party suing for all persons adversely affected by enforcement of a statute has standing to sue for an injunction. *City of San Antonio v. Producers Ass'n of San Antonio*, 314 S.W.2d 413, 416 (Tex.Civ.App.—Eastland 1958, no writ).

Section 65.011(1) of the Civil Practice and Remedies Code authorizes the trial court to grant a writ of injunction if:

> (1) the applicant is entitled to the relief demanded and all or part of the relief requires the restraint of some act prejudicial to the applicant;

> \* \* \* \* \* \*

TEX.CIV.PRAC. & REM.CODE ANN. § 65.011(1) (Vernon 1986).

 A party can seek to restrain the unlawful act of a public official when the act would cause irreparable injury or when such remedy is necessary to prevent a multiplicity of suits. *Texas State Bd. of Examiners in Optometry v. Carp*, 162 Tex. 1, 343 S.W.2d 242, 245 (1961); *Garcia v. Angelini*, 412 S.W.2d 949, 951 (Tex.Civ.App.—Eastland 1967, no writ).

### C. Application of Law to Facts

 Sweitzer sought the injunction for all litigants in Dallas County. This claim gave Sweitzer a sufficient justiciable interest to maintain an action to enjoin the County from collecting fees not authorized by law. *See Producers Ass'n of San Antonio*, 314 S.W.2d at 416. Sweitzer claimed the County collected the law library and ADR fees contrary to the authorizing statutes. We have held the authorizing statutes allowed the County to collect these fees at filing. The trial court erred in enjoining the County from collecting the law library and ADR fee at filing.

 The trial court properly enjoined the County from collecting the court reporter fee because the authorizing statute violates the open courts provision of the Texas Constitution. A party may seek an injunction to prevent the enforcement of an unconstitutional statute. *See* TEX.CIV.PRAC. & REM. CODE ANN. § 65.011(1) (Vernon 1986). The proper remedy when a court finds that an authorizing statute of a fee is unconstitutional is to enjoin the collection of that fee. *See LeCroy*, 713 S.W.2d at 343.

 The County's method of collecting the sheriff fee violates the open courts provision because the County deposits the funds in its general revenue fund. A party may seek an injunction to prevent the unlawful act of a public official. *Carp*, 162 Tex. 1, 343 S.W.2d at 245; *Garcia*, 412 S.W.2d at 951. Collecting the sheriff fee at filing and depositing it in the County's general revenue fund was an unlawful act. The trial court properly enjoined the County from collecting the sheriff fee.

We overrule the County's points of error twenty-nine, thirty-one, and thirty-two. We sustain the County's points of error thirty and thirty-three.

### OTHER CLAIMS AND DEFENSES

### A. Partial Summary Judgment Ruling

In points of error eleven and twelve, the County complains the trial court erred in entering summary judgment on the law library and ADR fees. The County contends Sweitzer's motion did not raise these fees. The trial court's partial summary judgment did not grant any relief on the law library or ADR fees. The County's contention is without merit. We overrule the County's points of error eleven and twelve.

### B. Affirmative Defenses

In points of error fifteen through eighteen, twenty-seven, and twenty-eight, the County complains of the trial court's denial of its affirmative defenses of limitations, laches, and immunity. It is unnecessary to reach the questions of limitations, laches, and im-

munity because we reverse the penalty award.

### C. Interest on the Judgment

 In point of error twenty-four, the County argues the trial court erred in assessing pre-judgment interest on the penalty award. Sweitzer concedes the trial court erred in awarding pre-judgment interest because the judgment is for penalties. A trial court should not award pre-judgment interest on damages of a punitive nature. *See Vail v. Texas Farm Bureau Mut. Ins. Co.,* 754 S.W.2d 129, 137 (Tex.1988). We sustain the County's point of error twenty-four.

In point of error twenty-five, the County claims the trial court erred in assessing post-judgment interest on the penalty award. Because we reverse the penalty award, we need not reach this point of error.

### D. Liability for Court Costs

 In point of error twenty-six, the County complains the trial court erred by imposing costs on the clerk. The County argues the trial court had to hold a hearing to determine what items were costs. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 31.007 (Vernon Supp.1994). Section 31.007 of the Civil Practice and Remedies Code provides:

> (a) Each party to a suit shall be responsible for accurately recording all costs and fees incurred during the course of a lawsuit, if the judgment is to provide for the adjudication of such costs. If the judgment provides that costs are to be borne by the party by whom such costs were incurred, it shall not be necessary for any of the parties to present a record of court costs to the court in connection with the entry of a judgment.
>
> \* \* \* \* \* \*

TEX.CIV.PRAC. & REM.CODE ANN. § 31.007 (Vernon Supp.1994). Nothing in section 31.-007 requires a trial court to hold a hearing about costs. We overrule the County's point of error twenty-six.

### E. Constructive Trust

The County claims the trial court erred by not imposing a constructive trust on the penalties award for Sweitzer's clients. The County claimed the penalties, if awarded, belonged to Sweitzer's former clients. Sweitzer opposed the County's motion. The trial court never ruled on the County's motion.

 To preserve error for appeal a party must get a ruling on the party's motion. TEX.R.APP.P. 52(a); *Mason v. Dallas County Child Welfare Unit of Texas Dept. of Human Services,* 794 S.W.2d 454, 455 (Tex.App.— Dallas 1990, no writ). The County did not preserve its complaint for appellate review because it did not get a ruling on its motion. Additionally, due to our disposition of the penalty award, it is unnecessary to reach this point of error. We overrule the County's points of error thirty-four and thirty-five.

### F. Master's Report

The County complains about the Master's reports on the amount the County charged for each fee in the cases Sweitzer filed. The Master's first report set the amount charged for all fees besides the court reporter fee. The second report states the amount charged as court reporter fees in cases when the court did not use a court reporter.

The County argues the Master did not provide enough information about how he calculated the amounts charged and that his methodology was unreliable. The County also claimed the trial court erred in overruling its objections to the Master's report.

 The County sent a letter confirming the methodology the Master would use on the second report. By consenting to the methodology, the County waived any error resulting from the methodology used in the second report. A party cannot complain on appeal of action which he induced or allowed. *U.S. Fire Ins. Co. v. Pettyjohn,* 816 S.W.2d 839, 843 (Tex.App.—Fort Worth 1991, no writ). Additionally, because we reverse the penalty award, we need not reach the County's points of error thirty-six and thirty-seven.

### CONCLUSION

We hold the trial court erroneously applied section 51.321 to fees the County collected at

filing. The trial court erred in awarding penalties on the: (1) law library fee; (2) ADR fee; (3) appellate fee; (4) sheriff fee; (5) court reporter fee; and (6) $2 of the clerk fee.

Section 51.601 and the County's practice of depositing the sheriff fee in its general revenue fund violate article I, section 13 of the Texas Constitution. The County collected the court reporter fee contrary to the authorizing statute. Section 118.131 does not provide support for collection of the sheriff fee at the time of filing because there is no evidence of any service provided by the sheriff that the fee supports. The trial court properly enjoined the County from collecting the court reporter and sheriff fees. However, the trial court erred by enjoining the County from collecting the law library fee, $2 of the clerk fee, and ADR fee.

We reverse the trial court's penalty award under section 51.321. We modify the trial court's injunction to enjoin the County from collecting the sheriff and court reporter fees. We affirm the injunction as modified.

## LIABILITY FOR COSTS

Normally a prevailing party recovers costs from his opponent. TEX. R.CIV.P. 131. When there is good cause a court may otherwise adjudge costs. TEX. R.CIV.P. 141. The Master's fees made up most of the trial court costs. These fees arose solely because of Sweitzer's penalty claims. Because we reverse the penalty award, there is good cause to assess trial court costs against Sweitzer and we do so. TEX.R.CIV.P. 141; *Perez v. Hernandez*, 658 S.W.2d 697, 702 (Tex.App.—Corpus Christi 1983, no writ). Because we affirm, as modified, the trial court's injunction, we assess costs of this appeal against the County.