Office of the Attorney General · State of Texas

April 12, 1999

Mr. John Branson
Fisher County Auditor
P.O. Box 126
Roby, Texas 79543

Opinion No. JC-0031

Re:  Whether section 113.022 of the Local Government Code, which requires a county officer who receives funds to deposit the funds with the county treasurer within certain time limits, applies to court fees collected by a district clerk  (RQ-1177)

Dear Mr. Branson:

You ask whether section 113.022 of the Local Government Code, which requires a county officer who receives funds to deposit the funds with the county treasurer within certain time limits, applies to court fees collected by a district clerk. As a general rule, section 113.022 applies to funds collected by a district clerk that "belong to the county," including all fees for "official services" performed by the district clerk. An express statutory directive regarding the deposit of a particular fee, however, will prevail over more general statutes regarding the disposition of monies.

We begin with a review of the statutory scheme. Section 113.022 provides as follows:

A county officer who receives funds shall deposit the funds with the county treasurer on or before the next regular business day after the date on which the funds are received. If this deadline is not met, the officer must deposit the funds, without exception, on or before the seventh business day after the day on which the funds are received. However, in a county with fewer than 50,000 inhabitants, the commissioners court may extend the period during which funds must be deposited with the county treasurer, but the period may not exceed 30 days after the date the funds are received.

TEX. LOCAL GOV'T CODE ANN. § 113.022 (Vernon 1988).

In Attorney General Opinion DM-396, this office concluded that section 113.022 applies only to funds belonging to the county and not necessarily to all funds a county officer receives, based on the provision's statutory history. In 1985, the legislature inserted the language that is now in

section 113.022 into former article 1709a, section 2 of the Revised Civil Statutes.[1] After the 1985 amendment, article 1709a, section 2 provided in pertinent part as follows:

> The County Treasurer in each county of this State shall receive all moneys *belonging to the county* from whatever source they may be derived. A county officer who receives funds shall deposit them with the County Treasurer or his successor not later than the next regular business day after the day on which the funds are received, but in no event shall deposits be made later than seven business days after receipt of said funds with [one] exception.[2]

Because any modifications to this language in the 1987 codification of the Local Government Code are nonsubstantive,[3] Attorney General Opinion DM-396 construed "funds" in section 113.022 to refer only to funds belonging to the county, even though section 113.022 does not explicitly limit its scope in that way. *See* Tex. Att'y Gen. Op. No. DM-396 (1996) at 4-5.

While this office has opined that section 113.022 applies to funds "belonging to the county," we are not aware of any statute or judicial or attorney general opinion defining the term "belonging to the county." There are a number of attorney general opinions that consider whether particular funds belong to the county. These opinions analyze the particular funds at issue and do not establish any general rule. *See, e.g.*, Tex. Att'y Gen. Op. Nos. DM-396 (1996) (hot check restitution collected by sheriff does not belong to county), DM-257 (1993) (funds of specialized local entity belong to county), JM-882 (1988) (Local Government Code chapter 117 trust funds do not belong to county); Tex. Att'y Gen. LO-98-067 (justice of the peace defensive-driving-course fees belong to county), LO-96-023 (Local Government Code chapter 117 trust funds do not belong to county). In Attorney General Opinion DM-396, for example, this office concluded that a justice of the peace is not required to deposit hot check restitution with the county treasurer because:

> [r]estitution that a justice of the peace receives pursuant to section 32.41(e) of the Penal Code merely passes "through" the court. The restitution clearly does not belong to the county; rather, it belongs to the holder of the dishonored check. Consequently, restitution received under section 32.41(e) of the Penal Code is not "money belonging to a county" . . . .

Tex. Att'y Gen. Op. No. DM-396 (1996) at 4. As this opinion illustrates, whether funds "belong to the county" depends very much on the nature of the particular monies at issue.

---

[1] *See* Act of May 17, 1985, 69th Leg., R.S., ch. 145, § 1, 1985 Tex. Gen. Laws 669, 669-70.

[2] *Id.* (emphasis added).

[3] *See* Act of May 1, 1987, 70th Leg., R.S., ch. 149, caption, 1987 Tex. Gen. Laws 707, 707.

In some cases, a statute may expressly provide that particular funds or a particular class of funds collected by an officer belongs to the county and must be deposited in the county treasury. Significantly, section 154.003 of the Local Government Code provides that "[a] district, county, or precinct officer who is paid an annual salary shall charge and collect in the manner authorized by law all fees, commissions, and other compensation permitted for official services performed by the officer." TEX. LOCAL GOV'T CODE ANN. § 154.003 (Vernon 1988). Section 154.003 also requires that "[t]he officer . . . dispose of the collected money as provided by" chapter 113, subchapter B, sections 113.021 through 113.024. *Id.*[4] Section 154.003 establishes that funds collected by a salaried district, county, or precinct officer "for official services performed by the officer" belong to the county and are subject to section 113.022. Thus, section 113.022 applies to a court fee received by a district clerk that "belongs to the county," including a fee for "official services" performed by the district clerk.

We now turn to your question regarding court fees collected by the district clerk in your county, who we assume receives a salary. You describe the following situation:

> Court fees are collected and held in a separate account by the District Clerk until the case is resolved before turning these funds over to the County Treasurer. In some cases these funds are held for several years prior to the transfer to the County Treasurer. . . .
>
> It is the opinion of the District Clerk that she is to hold these funds until the case is resolved before turning the funds over to the Treasurer and then only under the order of the District Judge.

Letter from Mr. John Branson, Fisher County Auditor, to Honorable Dan Morales, Attorney General (Aug. 10, 1998) (on file with Opinion Committee). Your question involves a fee account maintained by the district clerk outside of the county treasury. You do not ask about funds held in a court registry account.[5] You believe that the monies at issue are subject to section 113.022 and should be

---

[4] The Revisor's Note to Local Government Code section 154.003 states as follows: "The source law refers to the time at which and the fund in which collected money must be deposited. The references are omitted from revision and a cross-reference to Subchapter B, Chapter 113, is added because that subchapter contains the provisions governing the disposition of the money." One of the two statutory predecessors to section 154.003, now-repealed article 3898, provided that "officers receiving an annual salary as compensation for their services shall, by the close of each month, pay into the Officers' Salary Fund or funds, all fees, commissions and compensation collected by him during said month." Act of Nov. 14, 1935, 44th Leg., 2d C.S., ch. 465, § 10, 1935 Tex. Gen. Laws 1762, 1767. We assume that the revisors determined that the time-frame for deposit set forth in former article 3898, which dated from 1935, *see id.*, had been superseded by the time-frame for deposit in the statutory predecessor to Local Government Code section 113.022, now-repealed article 1709a, which was enacted in 1985, *see* Act of May 17, 1985, 69th Leg., R.S., ch. 145, § 1, 1985 Tex. Gen. Laws 669, 669-70.

[5] Funds deposited in court registry accounts under Local Government Code chapter 117 include funds tendered
(continued...)

deposited with the county treasurer upon receipt in accordance with those statutory time limits. On the other hand, you have submitted a letter from the county attorney, who disagrees with your position, stating that "as soon as the funds under her control become county funds, [the district clerk] deposits them with the County Treasurer. [P]rior to that time, the funds in question are not county funds and the handling of them is not governed by" section 113.022. *See* Letter from Honorable Robie Robinson, Fisher County Attorney, to Mr. John Branson, Fisher County Auditor (Aug. 7, 1998) (on file with Opinion Committee).

A myriad of statutes authorize district clerks to collect court fees in criminal[6] and civil[7] cases. Some of these statutes earmark court fees for deposit in specific state or county accounts;[8] others are silent with respect to this issue.[9] Some of these fees are due when the service is performed;[10] others are collected as a court cost.[11] Generally, we believe that section 154.003 mandates that if a fee provision is silent with respect to the fee's proper disposition and the fee is for an official service performed by the district clerk, then the fee must be deposited in the county treasury in accordance with section 113.022 upon receipt. *See* TEX. LOCAL GOV'T CODE ANN. § 154.003 (Vernon 1988) ("A district . . . officer who is paid an annual salary shall charge and collect in the manner authorized by law all fees, commissions, and other compensation permitted for official services performed by the officer. The officer shall dispose of the collected money as provided by Subchapter B, chapter 113."); *see also* TEX. CONST. art. XVI, § 61 ("All fees earned by district . . . officers shall be paid into the county treasury where earned for the account of the proper fund."). Of course, an express

---

[5](...continued)
in an interpleader action, funds paid in satisfaction of a judgment, child support funds, and cash bonds. *See* TEX. LOCAL GOV'T CODE ANN. § 117.052 (Vernon Supp. 1999).

[6]*See* TEX. CODE CRIM. PROC. arts. 102.001 - .075 (Vernon Supp. 1999) (costs and fees paid by defendants in criminal cases); TEX. GOV'T CODE ANN. § 56.001 (Vernon 1998) (judicial and court personnel training fund fee).

[7]*See, e.g.,* TEX. GOV'T CODE ANN. §§ 51.317 (Vernon 1998) (filing fees); 51.318, 51.319 (court document and services fees); 51.601 (court reporter fee); 51.604 (jury fee); 51.701 (judicial fund fee); 51.901(a)(2), (3) (legal services fee); TEX. LOCAL GOV'T CODE ANN. § 291.008 (Vernon Supp. 1999) (courthouse security fee).

[8]*See, e.g.,* TEX. GOV'T CODE ANN. §§ 51.317(c) (Vernon 1998) (requiring district clerk to pay records management and preservation fee to county treasurer for deposit in records management and preservation fund); 51.601 (requiring clerk to deliver court reporter fee to county treasurer for deposit in court reporter service fund); 51.701(b) (requiring district clerk to send judicial fund fees to the Comptroller for deposit in judicial fund); 51.901(a)(2), (d) (requiring district clerk to send legal services fee to county treasurer who must remit to Comptroller on quarterly basis); TEX. LOCAL GOV'T CODE ANN. § 291.008(e) (Vernon Supp. 1999) (district clerk to pay courthouse security fee to county treasurer for deposit in courthouse security fund); TEX. CODE CRIM. PROC. ANN. art. 103.004(a) (Vernon Supp. 1998-99) (payments recovered in name of state payable to county treasurer).

[9]*See, e.g.,* TEX. GOV'T CODE ANN. §§ 51.317(a), (b)(1)-(3), .318, .319 (Vernon 1998).

[10]*See, e.g., id.* §§ 51.317, .318.

[11]*See generally Dallas County v. Sweitzer,* 881 S.W.2d 757 (Tex. App.–Dallas 1994, writ denied).

statutory directive regarding the deposit of a particular fee will prevail over more general statutes regarding the disposition of monies.

Because we understand that you are particularly concerned about filing fees collected by the district clerk, we apply this general rule to filing fee provisions. Sections 51.317, 51.318, and 51.319 of the Government Code, for example, require the district clerk to collect various fees for services performed by the clerk. *See* TEX. GOV'T CODE ANN. §§ 51.317-.319 (Vernon 1998). Generally, these fees, which are expressly described in the statutes as fees for services performed by the district clerk, must be deposited in the county treasury in accordance with section 113.022 upon receipt. Subsection (c) of section 51.317, however, makes specific provision for the records management and preservation fund fee set forth in subsection (b)(4), mandating the district clerk to pay that fee "to the county treasurer . . . for deposit in the records management and preservation fund." *Id.* § 51.317(c). Accordingly, that fee must be deposited pursuant to that express statutory directive.

Finally, we note that county auditors have statutory authority to ensure that monies collected by a district clerk that must be deposited in the county treasury *are* deposited in the county treasury. Section 154.003 requires district officers to dispose of county money as provided by chapter 113, subchapter B. *See* TEX. LOCAL GOV'T CODE ANN. § 154.003 (Vernon 1988). Subchapter B requires an officer to deposit money in accordance with procedures prescribed under section 112.001 or 112.002. *See id.* § 113.021. Section 112.001, the provision applicable to your county,[12] authorizes county auditors to adopt regulations "for the speedy and proper collecting, checking, and accounting of the revenues and other funds and fees that belong to the county." *Id.* § 112.001. Any regulation adopted by an auditor under section 112.001 must be consistent with the time limits established under section 113.022. *See id.* ("county auditor may adopt and enforce regulations, *not inconsistent with law* or with a rule adopted under Section 112.003 [by the Comptroller of Public Accounts]") (emphasis added). Section 112.001 does not authorize a county auditor to adopt regulations with respect to funds and fees that do not belong to the county. *See* Tex. Att'y Gen. Op. Nos. DM-396 (1996) at 5, JM-1263 (1990) at 2.

In addition, a county auditor has the authority to determine whether a district clerk is properly handling funds belonging to the county. Specifically, a county auditor is expressly authorized to "examine the accounts, dockets, and records of each clerk . . . to determine if any money belonging to the county and in the possession of the officer has not been accounted for and paid over according to law." TEX. LOCAL GOV'T CODE ANN. § 115.901(a) (Vernon Supp. 1999); *see also id.* § 112.006(a) (Vernon 1988) ("The county auditor has general oversight of the books and records of a county, district, or state officer authorized or required by law to receive or collect money or other property that is intended for the use of the county or that belongs to the county."); Tex. Att'y Gen. Op. Nos. JM-702 (1987) (county auditor is authorized to audit inmate trust and jail commissary fund

---

[12]Local Government Code section 112.001 applies to a county with a population of less than 190,000, while section 112.002 applies to a county with a population of 190,000 or more. Fisher County has a population of 4,842. Bureau of the Census, U.S. Dep't of Commerce, 1990 Census of Population: General Characteristics: Texas 2 (1992).

held by sheriff whether or not monies belong to county), H-1185 (1978) (county auditor is authorized to audit bond monies held by sheriff whether or not monies belong to county), WW-1400 (1962) (former article 1651, now Local Government Code section 112.006(a), authorized county auditor to audit child support account books of district clerk). If a county auditor finds that such money does exist, the auditor is required to report the findings of the examination to the commissioners court "for the purpose of instituting a suit for the recovery of the money." TEX. LOCAL GOV'T CODE ANN. § 115.901(b) (Vernon Supp. 1999).

In sum, section 113.022 of the Local Government Code applies to funds collected by a district clerk that "belong to the county," including all fees for "official services" performed by the district clerk. An express statutory directive regarding the deposit of a particular fee will prevail over more general statutes regarding the disposition of monies. As county auditor, you are authorized to ensure that monies collected by a district clerk that must be deposited in the county treasury *are* deposited in the treasury and to determine whether a district clerk is properly handling funds belonging to the county.

We hope that this information is helpful. You or the county attorney may ask this office for a supplemental attorney general opinion should legal questions arise about the proper disposition of particular fees not addressed in this opinion. In addition, we note that the State Office of Court Administration, which has prepared procedure manuals for district and court clerks, may be able to assist your county in determining the proper disposition of particular fees collected by the district clerk, as may the Comptroller.

## S U M M A R Y

Section 113.022 of the Local Government Code applies to funds collected by a district clerk that "belong to the county," including all fees for "official services" performed by the district clerk. An express statutory directive regarding the deposit of a particular fee will prevail over more general statutes regarding the disposition of monies.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Prepared by Mary R. Crouter
Assistant Attorney General