Marcus G. Christ, J.
TMs is a proceeding pursuant to article 78 of the Civil Practice Act brought by a member of the board of education of a union free school district to compel the superintendent of schools of the district to make available for his inspection and examination certain official records and papers of the district.
Money was appropriated by the annual district meeting to implement a teen-age program designed to help young people with special problems in education or social adjustment or both. *334 This program, which has been named “ Club 18 ”, was put into effect by the board of education and personnel was employed and is engaged in the work of such program.
The petitioner has had available to him most of the information concerning the Club 18. But he has not been given the names of the young people enrolled in the project. He insists on this right to see the names and has indicated two purposes: first, to see whether those in attendance are residents of the district and, second, to enable him to send a letter to the parents of each participant in Club 18.
Petitioner is out of sympathy with and opposed to the running of Club 18 by the school district. If it is to be run at all, he wants it done by others. His proposed letter is an expression of disagreement with the position taken by the majority of the board of education over his objection and it is designed to discourage parents from permitting their children’s attendance and participation in the functions of Club 18.
The board of education has authorized its employees (those running Club 18) to withhold information from any member of the board of education unless directed by the board to make information available.
The respondent, a superintendent of schools, was new in his position and had occupied his post but a few days when he was confronted by the schism in the board and he was torn between conflicting instructions. He chose to follow those given by the majority of the board of education. The position of the majority members of the board of education, as set forth by the respondent, is that the petitioner has all the information about Club 18 which he needs to know as a member of the board. That since it is generally known that Club 18 is to help young persons whose adjustment in the community has not been good, a disclosure of names will work serious harm and damage to those who participate. Further, that if boys and girls know their names are to be disclosed, they will not come to the club. That petitioner seeks the names, not to carry out the majority decision of the board, but rather to thwart its work by using his office to damage the school program in Club 18. That what he failed to do with his negative vote in the meeting of the board, he will now achieve by his letter and his plea against cooperation.
The court is of the opinion that the petitioner is entitled to prevail. A member of a board of education has broad supervisory responsibility over the expenditure of district funds and the efficiency of the school system. He is elected to act upon behalf of the people and to do this he must have full information concerning the whole operation, in the absence of statute *335 or rule of the Commissioner of Education to the contrary. He is presumed to be as trustworthy with information pertaining to the district and its work, including a roster of the names of all persons in attendance, as any teacher or district employee. All records, except any specifically restricted by statute or duly adopted rule of the Commissioner of Education, must be made open for inspection by a member of the board of education.
The court is of the opinion that the majority members of the board of education may not, by resolution or otherwise, restrict this right of every board member to be fully acquainted with the records and business of the district.
No other question is passed upon. The court is not required to determine in this proceeding the legality of Club 18. Nor is the court required to pass on the fairness or wisdom of the petitioner in proposing to send letters shown in the respondent’s papers. The court holds only that a member of a board of education is entitled to a full inspection of all official records kept by a board of education or its employees of the business and affairs of the school district. Though the court is aware that an injudicious use of the names sought to be obtained might be harmful to some persons whom there is a universal desire to help, nevertheless, any special use to which the names are to be put is not material to the issue in this proceeding.
Settle order on notice.