Feed J. Munder, J.
In this article-78 proceeding directed “ against a Board of Education and the Superintendent of Schools of the School District, the respondents have moved before answering, in the nature of a demurrer, to dismiss the petition on the grounds that it does not state facts sufficient to entitle the petitioner to the relief demanded or to any other relief on the merits; that it can adequately be reviewed by the Commissioner of Education and it involves issues, which under section 310 of the Education Law should properly be heard by the Commissioner of Education.
Before going to the sufficiency of the petition, the last two grounds will be considered. Under subdivision 7 of section 310 an appeal may be taken by any aggrieved person to the Commissioner of Education, whose decision (unless arbitrary) is final and conclusive, in consequence of any action taken ‘1 By any other official act or decision of any officer, school authorities, or meetings concerning any other matter under this chapter, or any other act pertaining to common schools ”. This method of review, ‘1 intended as a cheap and expeditious mode of settling most, if not all ”, school disputes (Bullock v. Cooley, 225 N. Y. 566) is by no means the exclusive method of review. A review may be had directly in court by an article 78 proceeding. (Matter of Ellis v. Dixon, 281 App. Div. 987, affg. on another ground 118 N. Y. S. 2d 815; Matter of King v. Ambellan, 12 Misc 2d 333; Matter of Leeds v. Board of Educ., 19 Misc 2d 860.)
Therefore, in respect to the latter two grounds of the motion to dismiss, it is denied.
Considering now the sufficiency of the petition we find that petitioner is a duly elected member of the respondent Board of Education. After his election he wrote to the Superintendent of Schools demanding that he supply to the petitioner before the reorganization meeting, the names of four people who he claims were responsible for a board directed change of policy in respect to the school Christmas program in 1958 and also his own childrens’ entire school records and a detailed record of travel and expense data and personnel records of certain school principals and teachers. The letter was referred to counsel for the Board of Education who advised the board that names of the four persons were “ a part of a confidential communication between members of the public and an administrative official and are not deemed public records ’ ’, that the records of any *669 child are available to his parent at the proper office and that the other records may be examined by anyone where they are kept.
Following this advice petitioner moved for a board resolution requiring the same and some additional information to be collated and presented at a board meeting. This motion was defeated.
A board of education of a union free school district has extensive powers. By chapter 256 of the Laws of 1956 its powers were broadened “ To have in all respects the superintendence, management and control of the educational affairs of the district, and, therefore, shall have all the powers reasonably necessary to exercise powers granted expressly or by implication and to discharge duties imposed expressly or by implication by this chapter or other statutes” (Education Law, § 1709, subd. 33). By section 1710 the board possesses all the powers and privileges and is subject to all the duties of trustees of a common school district including that expressed in section 1606 of the Education Law. The latter section says that “ The powers committed by law to the trustees of a common school district [and hence a board of education] must be exercised by them as a board ”.
Until the board as a whole acts, by resolution to do or not to do something, there is no determination that this court may review. It may not tell the members of the board how to vote on any proposal before the board.
The Superintendent of Schools, as well as all other employees of the school district, is not subject to the direction or order of any individual member of the board. Whatever direction is given must be given by the board. Individually the board members’ rights are no greater or different than those of any qualified voter of the district.
Such records as are public records may be examined wherever they are kept and when and under such circumstances as are dictated by orderly procedure and the preservation of the records. Unrecorded facts or knowledge gained in the course of employment such as the names of those who protested to the Superintendent, are not public records nor yet are they confidential communications.
An article 78 proceeding is simply a less cumbersome and less technical method of pursuing the remedies formerly available on writs of mandamus, certiorari or prohibition. The unification of the three remedies by the 1937 enactment (L. 1937, ch. 526) of the new article 78 proceeding left unaffected the substantive side of the remedies. (22 Carmody-Wait, New York Practice, p. 118; Toscano v. McGoldrick, 300 N. Y. 156, 162.)
*670 Certiorari was and, so far as the remedy exists under article 78, still is a method to review some final determination of a public officer or board. It may not be employed as an appeal from the adverse vote of a board by a board member. Its purpose is to review judicial or quasi-judicial determinations and not to review legislative, executive, administrative or ministerial action, though that may involve the exercise of discretion or judgment. (22 Carmody-Wait, New York Practice, p. 129.)
Mandamus is a remedy to compel the doing of an act by a public officer or body where the act is required by law to be performed. It may not be used to establish rights or to determine legal controversies. Its function is not to review action. (22 Carmody-Wait, New York Practice, p. 184 et seq.) Nor may it “ be invoked as a means to compel a decision by such public body in a particular way”. (Pecora, J., in Matter of 1350 16th Ave. Corp. v. Department of Housing & Bldgs., 197 Misc. 982, 984.)
Applying these rules to the instant proceeding we find the court without power to review the limitation or control of its agenda by the defeat of petitioner’s motion. The matters sought to be advanced for action were, as they were presented, matters of legislative or administrative concern. In either event they are not subject to review in an article 78 proceeding. (Summers v. Suozzi, 5 A D 2d 1005.)
There is no representation that any officer or employee has refused to do anything that he is by law required to do. (Matter of Ellis v. Dixon, 281 App. Div. 987, supra.) If a request is made for a public record, in a proper place and at a convenient time, and the record is not made available for inspection, the custodian may be compelled by order in the nature of mandamus to comply. If the board, as a body, directs the production of records before it or the appearance of employees, disobedience may be the subject of disciplinary action but not mandamus. Much less is it the power of an individual board member to command such action by employees.
The refusal of the Superintendent to disclose the names of the protestante may be considered by the board, as a body, if demanded by it, an act of insubordination but his knowledge is not a public record and I know of no law, common or statute, that requires him to divulge it, nor has any such law been brought to my attention. Consequently as to him, under the facts set forth in the petition, there is no remedy under article 78. (Matter of Ellis v. Dixon, supra.)
With equal force this applies to the board members who are possessed of this knowledge. There is no law that will compel *671 them to divulge it even to a fellow member, however much, in the interests of board harmony and effective action, reason may dictate that each member of a board should be apprised of all the knowledge possessed by each other member on any matter raised for consideration.
The motion to dismiss the petition is granted.
Submit order.