Gonzalo **GARCIA** et al., Trustees, Appellants,

v.

Joseph **ANGELINI** et al., Trustees, Appellees.

No. 4126.

Court of Civil Appeals of Texas.

Eastland.

Feb. 24, 1967.

Rehearing Denied March 17, 1967.

Gerald J. Smith, El Paso, for appellants.

Owen & Steinberger, John C. Steinberger, El Paso, for appellees.

COLLINGS, Justice.

Joseph Angelini, Fred Freeman and Jose Alderete, in their capacity as trustees of the Canutillo Independent School District, brought suit against Gonzalo Garcia, T. J. Warren and Gaspar Tarango, in their capacity as trustees of such school district. Plaintiffs sought to restrain and enjoin defendants from barring plaintiffs from attending school board meetings and from participating in the activities of the school board in their official capacity and to restrain defendants from appointing trustees to fill vacancies which defendants claim have been created by plaintiffs' resignations. The court after hearing granted a temporary injunction restraining defendants as prayed pending final hearing of the cause. The defendants have appealed.

Appellants contend that the court erred (1) in overruling their exception to the jurisdiction of the court, (2) in overruling their exception to the nature of the proceeding in that the action should have been brought by quo warranto, (3) erred in granting the temporary injunction because there was no evidence to support the granting of a temporary injunction and (4) erred in granting the temporary injunction because to do so was an abuse of the court's discretion.

The record shows that this case arose out of a dispute between appellees and appellants, all of whom were admittedly duly elected qualified and acting trustees of the Canutillo Independent School District. The controversy came to a climax at a meeting of the board and involved an alleged diversion of funds in the amount of $1900.00 by appellants in the purchase of an automobile for the private use of one connected with the "poverty program". Appellees were dissatisfied, upset and angry about the matter and after much discussion and argument stated that they were "fed up" and were resigning or were going to resign and walked out of the meeting. Thereafter appellees indicated an intention not to resign but appellants denied them the right to thereafter participate as trustees in board meetings and actually barred them from attending such meetings.

■ We cannot agree with appellants' points urging that the court erred in overruling their exceptions to the jurisdiction of the court and in overruling exceptions urging that appellees' suit could be brought only by a quo warranto proceeding. Appellees were duly elected qualified and acting trustees of the Canutillo Independent School District. As such they were county officers within the meaning of the statutes providing for the removal of county officers. 51 Tex.Jur.2d, Schools, Section 80, pages 439 and 440. Appellants had no power to remove appellees from office. They likewise had no power to prohibit or bar appellees from attending and partici-

pating in meetings and proceedings of the school board in their official capacity. Appellants' action in attempting to prohibit appellees from so participating and acting as trustees was without legal authority. The action of appellants in determining contrary to the facts of the case that appellees were no longer trustees because of resignation and in attempting to appoint other trustees to fill the claimed vacancies was likewise without legal authority. Injunction is a proper remedy to restrain a public official from performing an invalid and unauthorized action. McClellan v. Guerra, 152 Tex. 373, 258 S.W.2d 72 (1953); City of Lubbock v. Green, Tex. Civ.App., 312 S.W.2d 279; Lynn County School Board v. Garlynn Common County Line School District, Tex.Civ.App., 118 S. W.2d 1070 (writ ref.). We overrule appellants' contention that quo warranto was the exclusive remedy by which appellees might seek a determination of their rights in this case.

■ On the jurisdictional question appellants cite 51 Tex.Jur.2d, Schools, Section 59, contending that the matter involved is within the jurisdiction of school authorities and that one who complains of the action of such authorities must exhaust his statutory remedy by appeal to higher school authority as provided by Articles 2654–1 and 2654–7, Vernon's Ann.Tex.Civ.St. before he may invoke the jurisdiction of the courts. Appellants cite Kaml v. Camp, 78 S.W.2d 1046, (Ct.Civ.Apps., 1935, writ dis.) in support of their contention that the announced principle is applicable in determining whether or not a vacancy has been created and the filling of such vacancy. The facts of the Kaml case are distinguishable from the facts in the instant case and in our opinion the holding in that case does not support appellants' position here. In that case the County School Board under its statutory authority declared the existence of a vacancy in the office of a trustee of a community school board and filled such vacancy. Kaml first appealed to the higher school authorities but thereafter

**952**

abandoned his appeal to the school authorities and brought an injunction in the District Court. The San Antonio Court of Civil Appeals affirmed the action of the District Court in denying Kaml's petition for a temporary injunction, holding that by virtue of Article 2745, V.A.T.C.S., the County Board of School Trustees had the power and authority to declare the existence of a vacancy in the office of trustee of a common school district and by appointment to fill such vacancy. In the instant case there was no statutory authority for the action of appellants of which appellees complain.

Appellants contend that appellees resigned from office. The court found in its judgment, however, that appellees "are the lawful trustees of said independent school district." Although the evidence does show that appellees orally tendered their resignations or at least indicated an intention to resign, the evidence further supports the conclusion that they withdrew their resignations before they had been accepted and acted upon by proper authorities. Under such circumstances appellees retained their status as trustees of the Canutillo Independent School District. Sawyer v. City of San Antonio, 149 Tex. 408, 234 S.W.2d 398, (Sup.Ct.1950.) It is true, as appellant contends, that there was conflicting evidence on the question of whether appellees resigned, whether the remaining board members held the matter open for further consideration or took affirmative action thereupon and whether or not the resignations of appellees, if made, were retracted prior to any affirmative action thereon by the remaining members of the board. It must be presumed that the court found every fact which has support in the evidence in a manner favorable to the judgment. The evidence in our opinion amply supports the judgment.

The fact questions here involved were for the court. It is held that exclusive prior jurisdiction of school authorities pertain only to such matters as are placed by law under their jurisdiction. Metalab Equipment Company v. Spring Branch Independent School District, 378 S.W.2d 347, (CCA 1964, n. r. e., 381 S.W. 2d 48). As stated in 51 Tex.Jur.2d 427:

"It was not the intention of the legislature to confer on school officials, discharging quasi-judicial functions, exclusive authority to determine questions pertaining to their own jurisdiction and the extent of their power. All such questions are subject to inquiry by the courts. And where school officials do not have final or conclusive discretion, their fact findings are not conclusive on the courts."

We overrule appellants' points urging that there was no evidence in support of the judgment and that the court abused its discretion in granting the temporary injunction. Appellants' points are all overruled.

The judgment is affirmed.