William R. Brennan, Jr., J.
Petitioner, a trustee of the Farming-dale Public Library, seeks in this article 78 proceeding to enjoin the Director of the Library and petitioner’s four cotrustees from denying petitioner direct access to the office files and records of the library "and to annul and set aside a purported regulation adopted by the board which sets forth the procedure to be followed in examining such records. The petition is dismissed.
It is axiomatic that a trustee of a municipal corporation, having the ultimate responsibility over the affairs of the corporation (Education Law, § 260), has an absolute right to inspect the records maintained by that corporation. What Mr. Justice Christ stated with respect to a member of a board of education has equal application to a trustee of a public library. In Matter of King v. Ambellan (12 Misc 2d 333, 334-335), he stated:
“ A member of a board of education has broad supervisory responsibility over the expenditure of district funds and the efficiency of the school system. He is elected to act upon behalf of the people and to do this he must have full information concerning the whole operation, in the absence of statute or rule of the Commissioner of Education to the contrary. He is presumed to be as trustworthy with information pertaining to the district and its work" * * * as any teacher or district employee. All records, except any specifically restricted by statute or duly adopted rule of the Commissioner of Education, must be made open for inspection by a member of the board of education.
“ The court is of the opinion that the majority members of the board of education may not, by resolution or otherwise, restrict this right of every board member to be fully acquainted with the records and business of the district.”
The foregoing statement of fundamental law is in no way disputed by the respondents. On August 8, 1967, the Board of Trustees of the Farming-dale Library, petitioner being the *511 sole dissenter, adopted a rule which provided that all trustees may see all files of the library. At the same time and by the same vote, the board adopted six other rules which in effect provided that the files were to be seen during the regular business hours of the business office of the library, which hours are from Mondays through Fridays from 9:00. a.m. to 5:00 p.m. ; that the interested trustee should indicate with reasonable particularity the file or files he desires to see; that the trustee be furnished with a list of all such files in order to enable him to determine which file or files he chooses to see; that the files are to be withdrawn and replaced by an employee of the library in charge of the files; that the files are to be reviewed and/or copied on the premises of the library and that the procedure is to take place in such a manner as not to unduly interrupt the normal business of the office.
To say that a trustee is entitled to investigate and peruse the records, however, is not to say that the library must remain open 24 hours a day seven days a week to accommodate this worthwhile purpose. Some reasonable regulation is not only proper, but indispensable. This is recognized in the area of stockholders’ rights to inspect the records of a business corporation (Matter of Steinway, 159 N. Y. 250 ; Matter of Schulman v. De Jonge & Co., 270 App. Div. 147); and also with respect to members of the public reviewing public records of municipal corporations (Matter of Sorley v. Lister, 33 Misc 2d 471; Matter of Coughlan v. Cowan, 21 Misc 2d 667). While it may be argued with some force that the status of a trustee of a municipal corporation is superior to that of a stockholder in a business corporation, or a member of the public at large, and that he may therefore have greater rights of inspection than those afforded to others, still some regulation is necessary. Records must be preserved. They should not be allowed off the premises. All trustees should have equal access thereto, and normal business hours should, insofar as possible, be observed.
The difficulty with petitioner’s position in this case is simply that he cites the regulation and views with great alarm its consequences. He states that the resolution is calculated to dilute his effectiveness; that the board has exceeded its jurisdiction; that the resolution makes the servant the master and the master the servant; that it is calculated to harrass the petitioner; and that it is arbitrary, capricious, and an abuse of discretion. Significantly, his papers are utterly devoid of any statement to the effect that he has been denied the right to inspect. Nowhere is it stated that he attended the library and requested files or that files were refused him., or that the *512 employees were utilizing the regulation to delay or hinder his investigation. He has thus failed to present a justiciable controversy.
It is fundamental that the board of trustees has the right to adopt regulations (Education Law, § 226, subd. 10) and as long as such regulations do not impede, hinder or unduly delay an inspection of records by a trustee, they must be honored. No showing has been made that this regulation has resulted in any such adverse consequence.