The Honorable Linda Bartelsmeyer State Representative, District 132 State Capitol Building Jefferson City, Missouri 65101
Dear Representative Bartelsmeyer:
This opinion is in response to your question concerning a city council member's access to minutes of a closed meeting where the member was not present at the closed meeting. Your question is basically as follows:
 Does a city council member of a third-class city have access to minutes of a portion of a meeting closed pursuant to Section 610.021(3), RSMo, where the council member did not attend that part of the meeting?
The situation as we understand it is that a city council member left a meeting of the council early, believing that only one matter was left to be resolved in open session. She later learned that after she left, the council went into closed session pursuant to Section 610.021(3), RSMo Supp. 1995. The absent council member requested to see the minutes of the closed session but was denied access.
Chapter 610, RSMo, contains Missouri's open records and open meetings law, commonly known as "the Sunshine Law." All "public records" are presumed to be open unless they can be closed pursuant to one of the exceptions set forth in Section 610.021 of the Sunshine Law. Sections 610.011 and 610.022.5, RSMo 1994. "Public record" is defined in Section 610.010(6), RSMo 1994, as "any record, whether written or electronically stored, retained by or of any public governmental body. . . ." The city council of a third-class city is a public governmental body. Section610.010(4), RSMo 1994. Therefore, minutes of meetings of the city council are public records.
You do not state the substance of the discussion during that closed session, but your opinion request indicates that the matter was closed pursuant to the "hiring, firing, disciplining or promoting" exception, which is found in Section 610.021(3), RSMo Supp. 1995, and states as follows:
 610.021. Closed meetings and closed records authorized when, exceptions. — Except to the extent disclosure is otherwise required by law, a public governmental body is authorized to close meetings, records and votes, to the extent they relate to the following:
* * *
 (3) Hiring, firing, disciplining or promoting of particular employees by a public governmental body when personal information about the employee is discussed or recorded. However, any vote on a final decision, when taken by a public governmental body, to hire, fire, promote or discipline an employee of a public governmental body must be made available to the public within seventy-two hours of the close of the meeting where such action occurs; provided, however, that any employee so affected shall be entitled to prompt notice of such decision during the seventy-two-hour period before such decision is made available to the public. As used in this subdivision, the term "personal information" means information relating to the performance or merit of individual employees;
* * *
For the purposes of this opinion, we assume that the meeting, and thus the minutes of that meeting, are validly closed to the public, in that the subject matter is within the statutory exception. In Opinion No. 77-92, a copy of which is enclosed, this office opined that elected city council members, whether paid or not, are not "employees" of the city. Id. at 4. As such, Section 610.021(3)'s exception allowing closure is not available for meetings or minutes of meetings in which an elected council member is the topic of discussion. Therefore, the subject of the closed meeting in this case, assuming that it was validly closed, could not have been the absent council member.[1]
The Sunshine Law in Section 610.010, RSMo 1994, provides the following definition relevant to our inquiry:
 610.010. Definitions. — As used in sections 610.010 to 610.030 and sections 610.100 to 610.150, unless the context otherwise indicates, the following terms mean:
 (1) "Closed meeting", "closed record", or "closed vote", any meeting, record or vote closed to the public; [Emphasis by italics added].
* * *
In this case, the minutes of the closed session are closed records. According to the above definition, it is a record which is closed "to the public." The issue is whether the absent council member may have access to the minutes of the closed meeting even though the minutes are closed "to the public."
"If the statute is ambiguous, we attempt to construe it in a manner consistent with the legislative intent, giving meaning to the words used within the broad context of the legislature's purpose in enacting the law." Sullivan v. Carlisle, 851 S.W.2d 510,512 (Mo. banc 1993). "The legislature is presumed to intend to enact a just law that serves the welfare of its constituents rather than an absurd law." State ex rel. Lack v. Melton,692 S.W.2d 302, 304 (Mo. banc 1985).
"Chapter 610 represents a legislative determination and declaration of the public policy of the state relating to meetings, records, and votes of all public governmental bodies; that policy being, in general, that such meetings, records and votes be open and available to the people these bodies serve."Cohen v. Poelker, 520 S.W.2d 50, 54 (Mo. banc 1975) (emphasis original). In discussing the purpose of the Sunshine Law, and the reason for the existence of exceptions to the openness requirement, the court in Wilson v. McNeal, 575 S.W.2d 802, 805
(Mo.App. 1978), stated:
 The very basic right of the public to be fully informed of government activities conflicts with the obvious necessity for restraints on this right to know in [certain cases]. The conflict here is one between the philosophy of openness in government, . . . and the recognized need for confidentiality in certain special situations. The legislature recognized both the need for openness and the concomitant need for exempting certain types of information from disclosure when it passed the Sunshine Law in 1973.
And in Hyde v. City of Columbia, 637 S.W.2d 251, 262 (Mo.App. 1982), cert. denied, Tribune Publishing Co. v. Hyde, 459 U.S. 1226,103 S.Ct. 1233 (1983), it was stated:
 Our Sunshine Law and the counterpart statutes of the several states . . . declare a common public policy in favor of open governmental meetings and records. [Citations omitted]. These enactments, nevertheless, exempt from disclosure those phases of governmental operations which the public interest requires be kept confidential. . . .
 The clear purpose of the Sunshine Law is to open official conduct to the scrutiny of the electorate — but not [as the exemptions attest] at the expense of essential governmental functions or of the vital personal interests of the citizenry.
In Matter of King v. Ambellan, 173 N.Y.S.2d 98 (N.Y. Sup. Ct. 1958), a school district board member sought access to records related to a project implemented and funded by the school district. The project had been approved by a majority of the board, and the member seeking access had been opposed to the project. The majority of the board instructed the superintendent that the requesting member be denied access to the records he requested. The requesting member sued for access, and the court granted him access, stating:
 A member of a Board of Education has broad supervisory responsibility over the expenditure of district funds and the efficiency of the school system. He is elected to act upon behalf of the people and to do this he must have full information concerning the whole operation. . . .
 The Court is of the opinion that the majority members of the Board of Education may not, by resolution or otherwise, restrict this right of every board member to be fully acquainted with the records and business of the district.
Id. at 100. In Gorton v. Dow, 282 N.Y.S.2d 841, 842 (N Y Sup. Ct. 1967), which addressed whether a trustee of a public library had access to library records, the court stated, "It is axiomatic that a trustee of a municipal corporation, having the ultimate responsibility over the affairs of the corporation [citation omitted], has an absolute right to inspect the records maintained by that corporation." The court also suggested that the member of the governing body of a municipal corporation may have greater "rights of inspection" than a member of the public at large. Id. at 843.
While these cases do not address the precise issue which is the subject of this opinion, the reasoning and policy statements are persuasive in this situation, especially in light of the intent of the Sunshine Law. Like the school district board member and the library trustee, a city council member "is elected to act upon behalf of the people" and has "ultimate responsibility over the affairs of the [city]":
 The city council in a city of the third class, elected by the people to represent the inhabitants, is primarily a legislative body exercising general governmental functions. To it broad legislative powers have been delegated, powers which directly affect the lives, liberties, health, business, trade and property of the inhabitants.
Armentrout v. Schooler, 409 S.W.2d 138, 143 (Mo. 1966). We must construe the law to further the legislative intent and serve the welfare of the people. Sullivan, 851 S.W.2d at 512; Lack,692 S.W.2d at 304. To deny a council member access to the minutes of a meeting from which the member was absent, where the meeting was closed pursuant to Section 610.021(3), does not serve the purposes of the Sunshine Law, especially in light of a council member's duties and responsibilities. It is our opinion that in this situation "closed to the public" does not mean closed to a member of the city council itself.
CONCLUSION
It is the opinion of this office that a city council member of a third-class city should have access to the minutes of a meeting of the city council of which she is a member, where she was absent from that meeting, and where the meeting was closed pursuant to Section 610.021(3), RSMo Supp. 1995.
Very truly yours,
JEREMIAH W. (JAY) NIXON Attorney General Enclosure
[1] While we can rule out the absent council member as the topic of discussion in the closed meeting for the purposes of this opinion, we still do not know the contents of the closed meeting minutes, and thus our opinion will address the matter only generally.