OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS



September 28, 1999

The Honorable Chad Cowan                    Opinion No. JC-0120
Jones County Attorney
P.O. Box 68                                 Re:  Whether a city council may provide a city
Anson, Texas 79501                          council member with a copy of a tape recording of
                                            an executive session of the city council, and
                                            related question  (RQ-0066-JC)

Dear Mr. Cowan:

Under the Open Meetings Act, a tape recording of a closed meeting of a governmental body is available for public inspection and copying only under a court order issued in litigation involving an alleged violation of the Act. You ask whether a copy of a tape recording of a closed city council meeting may be provided to a city council member who did not attend the meeting. You also ask whether the tape may be provided to a person who was a city council member when she requested the tape, but who is no longer a city council member.

We conclude that a member of a governmental body may review the tape recording of a closed meeting that the member did not attend. The governmental body may not prohibit absolutely a member from reviewing a tape recording, although, in light of its duty to preserve the tape, the body may adopt procedures for the review. The governmental body may not, however, provide the member with a copy of the tape recording. Nor may the governmental body allow a former member to review the tape once the member has left office.

You tell us that during a city council meeting of the City of Lueders, Texas, the council went into executive session. One of the council members was not present at the meeting because she was out of town. Upon the council member's return, she requested a copy of the tape recording of the executive session she had missed. After consulting with the city attorney, the City declined to provide a copy of the tape to the council member. You tell us that although the council member made the request for the tape while she was on the city council, she is no longer on the council. *See* Memorandum from Honorable Chad Cowan, Jones County Attorney, to Honorable John Cornyn, Texas Attorney General (May 14, 1999) (on file with Opinion Committee). We must determine whether the Open Meetings Act prohibits a city council from releasing a tape recording of a closed meeting under the circumstances you describe.

As you know, the Open Meetings Act requires every governmental body subject to the Act to open its meetings to the public. TEX. GOV'T CODE ANN. § 551.002 (Vernon 1994). However, the Act allows governmental bodies to close their meetings to discuss certain subjects. *Id.* §§ 551.071-

.085 (Vernon 1994 & Supp. 1999). When a closed meeting is allowed, as a general rule the governmental body must keep either a certified agenda or make a tape recording of the meeting. *Id.* § 551.103 (Vernon 1994). The governmental body must preserve the agenda or tape for at least two years after the date of the meeting. *Id.* § 551.104(a). "The certified agenda or tape of a closed meeting is available for public inspection and copying only under a court order issued" in litigation involving an alleged violation of the Act. *Id.* § 551.104(c). Any person who knowingly discloses the certified agenda or tape recording to a member of the public in violation of the Act commits an offense and is subject to criminal and civil penalties. *Id.* § 551.146.

In Attorney General Opinion DM-227, this office concluded that a governmental body may allow a member of the governmental body who participated in a closed session to review the tape recording of the session in which the member participated. *See* Tex. Att'y Gen. Op. No. DM-227 (1993) at 2. The opinion explained that in prohibiting the release of a certified agenda or tape recording of a closed meeting, the Open Meetings Act speaks in terms of release *to the public.* "In our opinion, a member of a governmental body who participated in a closed meeting may review the certified agenda or tape recording of a closed meeting without such review constituting a release to the public." *Id.*

Attorney General Opinion DM-227 also concluded that while a governmental body may allow a member to review a certified agenda or tape recording of a closed meeting, it is not required to do so. "Given the purpose of the certified agenda or tape recording, and given the governmental body's statutory duty to preserve the certified agenda or tape recording as evidence in the event of litigation, we believe that each governmental body is authorized to decide for itself whether to permit a member who has participated in a closed meeting to review the certified agenda or tape recording of that meeting as well as the procedure for allowing such a review." *Id.* The opinion said that if the governmental body chooses to allow members to review the materials, it should adopt, in open meeting, a procedure for doing so. *Id.* In other words, Attorney General Opinion DM-227 concluded that while it would not be a violation of the Open Meetings Act for a governmental body to allow one of its member to review the certified agenda or tape recording of a closed meeting, the body could prohibit a member from doing so.

We agree with the conclusion in Attorney General Opinion DM-227 that the release of a tape recording or certified agenda to the member of the governmental body is not a release to the public in violation of the Open Meetings Act. While Attorney General Opinion DM-227 reached this conclusion with respect to a member who had participated in the closed meeting, we think the same reasoning applies to a member who did not attend the closed meeting. Neither type of disclosure constitutes a release of information to the public as prohibited by the Act. *See* TEX. GOV'T CODE ANN. §§ 551.104(c), .146(a) (Vernon 1994). Accordingly, we conclude that it is not a violation of the Open Meetings Act to allow a member of a governmental body who did not participate in a closed meeting to review the certified agenda or tape recording of the meeting.

We disagree, however, with the conclusion in Attorney General Opinion DM-227 that a governmental body may prohibit a member from reviewing a certified agenda or tape recording. In

our view, access to the records is a necessary part of the member's fulfillment of his or her duties. A governmental body cannot adopt a policy that prevents a member of the body from performing the duties of office.

Courts and this office have recognized in other contexts that a governmental body may not prevent one or some of its members from performing his or her duties absent authority for doing so. For example, in *Garcia v. Angelini*, the court was faced with a situation in which two factions of a school district board of trustees were in dispute with one another. *Garcia v. Angelina*, 412 S.W.2d 949, 951 (Tex. Civ. App.–Eastland 1967, no writ). After a particularly contentious meeting, one group of trustees barred the other group from attending future meetings of the board, alleging that the barred members had resigned. The court held that, because the barred members had not resigned, one group of the board "had no power to prohibit or bar [the other group] from attending and participating in meetings and proceedings of the school board in their official capacity." *Id.*

In Attorney General Opinion JM-119, this office considered whether a community college district board of trustees could release to an individual trustee documents that were not subject to release under the Open Records Act. Like the Open Meetings Act, the Open Records Act proscribes the release of certain information to the public. The opinion concluded that "when a trustee of a community college district, acting in his official capacity, requests information maintained by the district, he is not a member of the 'public' for purposes of the Open Records Act." Tex. Att'y Gen. Op. No. JM-119 (1983) at 2. Instead, because the board of trustees is responsible for maintaining the records of the college district, "it logically follows that a member of that board has an inherent right of access to such records, at least when he requests them in his official capacity." *Id.* at 3. "Without complete access to district records, such trustee could not effectively perform his duties." *Id.*

Subsequent opinions of this office have affirmed the principle laid out in Attorney General Opinion JM-119. *See* Tex. Att'y Gen. LO-98-033, at 2 (concluding that member of governmental body may review certified agenda and tape recording); LO-93-69, at 5-6 (concluding that member of Texas Board of Medical Examiners has right of access to agency personnel and investigative files); LO-88-103, at 3 (concluding that majority of state board could not prohibit a member from viewing information available to the entire board and necessary for the member to discharge her duties).

While no Texas court that we know of has directly addressed the issue of a public officer's right of access to the records of his office, the courts of at least one other state have recognized this inherent right. In a New York case, a majority of a local board of education directed board employees to withhold certain information from other board members, limiting release to what the majority felt the other members needed to know. A board member sought to compel release of the

information. The court agreed, citing the member's right of access to all records of the board in order to perform his duties:

> A member of a Board of Education has broad supervisory responsibility over the expenditure of district funds and the efficiency of the school system. He is elected to act upon behalf of the people and to do this he must have full information concerning the whole operation, in the absence of statute or rule of the Commissioner of Education to the contrary. He is presumed to be as trustworthy with information pertaining to the District and its work . . . . All records, except any specifically restricted by statute or duly adopted rule of the Commissioner of Education, must be made open for inspection by a member of the Board of Education.
>
> The Court is of the opinion that the majority members of the Board of Education may not, by resolution or otherwise, restrict this right of every board member to be fully acquainted with the records and business of the district.

*King v. Ambellan*, 173 N.Y.S.2d 98, 100 (N.Y. Sup. Ct. 1958).

This principle was affirmed in another New York case, in which a public library trustee sought access to the office files and records of the library. *Gorton v. Dow*, 282 N.Y.S.2d 841 (N.Y. Sup. Ct. 1967). The court said: "It is axiomatic that a trustee of a municipal corporation, having the ultimate responsibility over the affairs of the corporation, has an absolute right to inspect the records maintained by that corporation." *Id.* at 842 (citation omitted). While a trustee could have access to the records, the board could adopt reasonable regulations with respect to that access, "as long as such regulations do not impede, hinder or unduly delay an inspection of records by a trustee." *Id.* at 844. "Some reasonable regulation is not only proper, but indispensable. . . . . Records must be preserved. They should not be allowed off the premises." *Id.* at 843.

In Texas, under the Open Meetings Act, a governmental body is responsible for preparing and preserving the certified agenda or tape recording of a closed session. TEX. GOV'T CODE ANN. §§ 551.103(a), .104(a) (Vernon 1994). It is conceivable that the performance of these duties might call for a member's review of the certified agenda or tape recording. Thus it follows that a member of the governmental body must be allowed access to the materials in order to fulfill the member's duty to prepare and preserve them. Access need not be limited, however, to purposes relating to duties under the Open Meetings Act. In our view, the general responsibilities of a public official encompass access to the records of the office.

We recognize that certified agendas and tape recordings are not part of a governmental body's general records, nor are they intended to serve as the official record or minutes of a closed meeting. Instead, they are required by statute to be created and preserved for the specific purpose

of serving as evidence in any litigation involving an alleged violation of the Open Meetings Act. *Id.* § 551.104. Certified agendas and tape recordings are to be preserved and made available for public inspection only under a court order after an inspection by the court that must be *in camera*. *Id.* Even the attorney general lacks authority to review certified agendas or tapes of executive sessions to determine compliance with the Open Meetings Act. *See* Tex. Att'y Gen. ORD No. 495 (1988) at 4-5.

However, we do not find our conclusion to be inconsistent with the Open Meeting Act's prohibition only on release of the information *to the public*. Furthermore, we think it is a logical corollary to the duty of the members of a governmental body to create and preserve the records in accordance with the Act. The members remain subject to the penalties of the Act if they fail to preserve the agenda as required or if they allow the records to be released to the public. *See* TEX. GOV'T CODE ANN. §§ 551.141, .142, .146 (Vernon 1994). For this reason, we think a governmental body may and should adopt procedures for reviewing the records that will ensure their preservation and confidentiality.

Accordingly, we conclude that a member of a governmental body may review the certified agenda or tape recording of a closed meeting, whether or not the member participated in the meeting. A governmental body may adopt a procedure for reviewing the materials, in light of its duty to preserve the materials and of the penalties for not doing so. But it may not absolutely prohibit review of the records by a member of the body. Attorney General Opinion DM-227 is overruled to the extent it concludes that a governmental body could adopt a policy prohibiting a member of the body from reviewing the certified agenda or tape recording of a closed meeting.

While a member of a governmental body may review the tape recording of a closed session, in no event may the member receive a copy of the tape recording for his or her own use. In Attorney General Letter Opinion No. 98-033, this office explained that the statutory provisions governing the release of closed meeting tapes imply that no release not authorized by the statute is permitted:

> Few items under the control of a governmental body are hedged about with such statutory deference as the certified agenda/tape recording of an executive session. It is specifically required to be "preserved" for at least two years, and it may be made available to the public only under court order. Section 551.104 itself seems to contemplate but a single copy: "A governmental body shall preserve *the* certified agenda or tape recording of a closed meeting." (Emphasis added). Furthermore, were a governmental body to permit one board member to copy the recording, it could hardly deny any member the right to do so, and the risk of unauthorized release may be expected to increase exponentially with each duplication. In our opinion, the legislature was simply too careful in drafting section 551.104 to permit us, or any governmental body, to imperil its directive by authorizing such a casual and ill-considered release. If

> the legislature had intended to allow members of a governmental body to copy a tape recording of an executive session, we believe it would have expressly authorized them to do so, subject to precise restrictions on use and dissemination of the copies.

Tex. Att'y Gen. LO-98-033, at 2-3 (footnote omitted). Thus, the city council could not have provided the council member with a copy of the tape recording of the closed meeting.

Finally, the tape recording of a closed session may not be reviewed by a member of a governmental body once the member has left office, even if the request was made before the member left office. Once a member of a governmental body leaves office, she becomes a member of the public and she has no more need for access to the records in order to fulfill her public duties. Under the Open Meetings Act, a tape recording of a closed meeting may be released to the public only under a court order. TEX. GOV'T CODE ANN. § 551.104(c) (Vernon 1994). Accordingly, the city council may not allow the person who missed a closed meeting of a city council to review the tape recording of the meeting now that she is no longer a city council member.

## S U M M A R Y

A member of the governmental body may review the tape recording of a closed meeting that the member did not attend.  A governmental body may adopt a procedure for reviewing the recording, but it may not absolutely prohibit review by a member of the body.  Attorney General Opinion DM-227 is overruled to the extent it concludes that a governmental body could adopt a policy prohibiting a member of the body from reviewing the certified agenda or tape recording of a closed meeting.  The governmental body may not, however, provide the member with a copy of the tape recording.  Nor may the governmental body allow a member to review the tape once the member has left office.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Barbara Griffin
Assistant Attorney General - Opinion Committee