January 23, 2012

The Honorable Eddie Lucio, Jr.
Chair, Senate Committee on International
    Relations and Trade
Post Office Box 12068
Austin, Texas 78711-2068

Opinion No. GA-0907

Re: Vacancies on a junior college district's board of trustees (RQ-0987-GA)

Dear Senator Lucio:

You ask two questions about a vacancy on a junior college district's board of trustees. Your first question is, "What legal procedures are available to determine whether a member of the board of trustees of a junior college district whose trustees are elected from single-member trustee districts has vacated the position by ceasing to reside in the single-member district from which the member was elected?"[1] One available legal action would be an application for a writ of quo warranto, which "is an ancient prerogative writ through which the State acts to protect itself and the good of the public generally through its chosen agents as provided by its constitution and laws . . . to challenge the authority of a public officer." *Lewis v. Drake*, 641 S.W.2d 392, 394 (Tex. App.—Texarkana 1982, no writ). Some "authorities in this State indicate that a proceeding in quo warranto is the exclusive legal remedy afforded to the public by which it may protect itself against the usurpation or unlawful occupancy of a public office by an illegal occupancy." *Hamman v. Hayes*, 391 S.W.2d 73, 74 (Tex. Civ. App.—Beaumont 1965, writ ref'd) (citing several Texas cases, including a Texas Supreme Court case, *Williams v. Castleman*, 247 S.W. 263 (Tex. 1922)). However, we have not found, and no briefing submitted on this matter has identified, a Texas constitutional provision or statute providing that it is the exclusive remedy. *See* TEX. CONST. art. V, § 3(a) (authorizing the Legislature to grant the Texas Supreme Court original jurisdiction over writs of quo warranto in specified cases), TEX. CIV. PRAC. & REM. CODE ANN. § 66.001 (West 2008) (listing who may seek a writ of quo warranto). Therefore, unless or until a statutory or constitutional provision provides that a writ of quo warranto is the exclusive remedy for the illegal occupancy of an office, courts may determine whether it is the exclusive remedy. *See, e.g., Robinson et al. v. Neeley et al.*, 192 S.W.3d 904, 909 (Tex. App.—Dallas 2006, no pet.).

---

[1]Letter from Honorable Eddie Lucio, Jr., Chair, Senate Committee on International Relations and Trade, to Honorable Greg Abbott, Attorney General of Texas at 1 (July 15, 2011), https://www.oag.state.tx.us/opin/index_rq.shtml ("Request Letter").

Since the *Hamman* decision, some courts have indicated that other legal remedies might be available in particular circumstances. *Id.* For example, a Texas appeals court has held that an independent school district's board of trustees could seek a declaratory judgment on whether a trustee vacated his office by ceasing to reside in his district. *See Tovar v. Bd. of Trs. of Somerset Indep. Sch. Dist.*, 994 S.W.2d 756, 759–760 (Tex. App.—Corpus Christi 1999, pet. denied).

Another Texas appeals court has held that an injunction was a proper way to restrain some trustees of an independent school district from filling vacancies that the trustees supposed had been created when other trustees resigned from office. *Garcia v. Angelini*, 412 S.W.2d 949, 951 (Tex. Civ. App.—Eastland 1967, no writ). *See also id.* (stating that quo warranto was not the exclusive way to determine whether the trustees who had resigned were still trustees).

Accordingly, we advise you that, depending on the facts of a particular case, an application for a writ of quo warranto, a declaratory judgment, or an injunction could be a legal action in which a court would determine whether a board member vacated his or her position. Because this office cannot resolve fact questions, we cannot determine whether any of those legal actions would be available in any particular instance. *See* Tex. Att'y Gen. Op. No. GA-0884 (2011) at 1 n.2 (explaining that attorney general opinions cannot resolve questions of fact).

Your second question is, "May the board of trustees of a junior college district whose trustees are elected from single-member trustee districts order a special election to fill a vacancy on the board? If so, what term would the trustee elected at the special election serve?" Request Letter at 1. The first part of that question is based on a discrepancy between two sections of the Education Code. *Id.* at 2. Section 130.0822(i) provides that "[a]ny vacancy on the board shall be filled by appointment made by the remaining members of the board." TEX. EDUC. CODE ANN. § 130.0822(i) (West 2002). Section 130.082 provides that "[a]ny vacancy occurring on the board through death, resignation, or otherwise, shall be filled by a special election ordered by the board or by appointment by resolution or order of the board." *Id.* § 130.082(d) (West Supp. 2011).

In attempting to resolve that discrepancy, we note that section 130.0822 applies specifically to "single-member trustee districts." *Id.* § 130.0822(a), (d) (West 2002) (entitled "Election From Single-Member Trustee Districts"). *See also* Request Letter at 1 (asking about "single-member trustee districts"). In contrast, section 130.082 does not apply specifically to single-member districts. TEX. EDUC. CODE ANN. § 130.082 (West Supp. 2011) (applying to the "Governing Board of Junior College of Other than Independent School District"); *id.* § 130.082(d)–(f) (applying to "at large districts"). If, as you suggest, there is an irreconcilable conflict between sections 130.082 and 130.0822 regarding elections in single-member trustee districts, the provisions in section 130.0822, which specifically address single-member trustee districts, would prevail over the provisions of section 130.082, which do not specifically address single-member trustee districts. *See Bradley v. State ex rel. White*, 990 S.W.2d 245, 251 (Tex. 1999) (noting that, under Texas law, when a specific statutory provision is in irreconcilable conflict with a general statutory provision, the specific provision prevails over the general). *See also id.* (explaining that section 311.026 of the Texas Government Code is a codification of the common-law doctrine of *in pari materia*, which provides

that specific statutory provisions prevail over general ones).  Accordingly, "[a]ny vacancy on the board shall be filled by appointment made by the remaining members of the board."  TEX. EDUC. CODE ANN. § 130.0822(i) (West 2002).  Furthermore, section 130.0822 provides that "[t]he appointment and election of trustees of the junior college district are subject to Section 130.082 of this code, except as otherwise provided by this section."  *Id.* § 130.0822(c).  Section 130.0822 provides otherwise from section 130.082 regarding elections in single-member trustee districts.  TEX. EDUC. CODE ANN. §§ 130.082(d) (West Supp. 2011), 130.0822(i) (West 2002).

The second part of your last question is based on another discrepancy between sections 130.082 and 130.0822.  Request Letter at 3.  Section 130.082(d) provides that "[t]he person appointed to fill the unexpired term shall serve until the next regular election of members to the board" and section 130.0822(i) provides that "[t]he appointed person serves for the unexpired term." TEX. EDUC. CODE ANN. §§ 130.082(d) (West Supp. 2011), 130.0822(i) (West 2002). Neither statute discusses how long an elected officer must serve, but article XVI, section 27 of the Texas Constitution requires that all elections to fill vacancies of office in this State be for the unexpired term only. TEX. CONST. art. XVI, § 27.  In any event, the person filling the vacancy would perform the duties of office until his or her successor is duly qualified, whenever that may be.  *Id.* art. XVI, § 17.

## S U M M A R Y

Depending on the facts of the case and the circumstances surrounding any particular litigation, an application for a writ of quo warranto, a declaratory judgment, or an injunction might allow a court to determine whether a member of a board of trustees of a junior college district vacated his or her position.

A vacancy on the board of trustees of a junior college district whose trustees are elected from single-member trustee districts must be filled by appointment made by the remaining members of the board. A person elected or appointed to fill a vacancy on a junior college district's board of trustees must perform the duties of office until his or her successor is duly qualified.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID J. SCHENCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chair, Opinion Committee

Jason Boatright
Assistant Attorney General, Opinion Committee