## CRUM et al. v. RANDALL et al.
### No. 13752.

Court of Civil Appeals of Texas. Dallas.
Dec. 13, 1946.

Rehearing Denied Jan. 10, 1947.

William M. Bates, J. Hart Willis and W. R. Harris, Jr., all of Dallas, for appellants.

Marion S. Church and Prentice Wilson, both of Dallas, for appellees.

LOONEY, Justice.

Ethel Gordon Randall and Gladys Randall Giles, beneficiaries under the will of their deceased aunt, Mrs. Willie Randall Estes, brought this suit against Albert H. Estes, surviving husband of deceased, life tenant under her will, and Paul Crum, to enjoin the consummation of an executory contract for the sale by Albert H. Estes to Paul Crum of 16½ acres of land belonging to the estate; and to have the will construed and a declaration as to the respective rights and status of the parties thereunder.

The petition of appellees sets out the will in its entirety; its provisions brought under review are the following: "Second. I give, devise and bequeath to my husband, Albert H. Estes, to have and to hold during his natural life, all my property, real and personal, for his comfort, maintenance and support; and I give, devise and bequeath the remainder of my estate, real and personal, not disposed of at his death, to Mrs. Gladys Giles, Miss Ethel Gordon Randall and Mrs. Alice Dysart, and their heirs forever. I give my said husband the power and right to sell, incumber, mortgage, convert, reconvert, invest, reinvest, loan and in every other way manage and or dispose of my property, real and personal (save and except by gift or devise); and all persons dealing with him with respect to such property, or any portion of the same shall be fully protected as if he were full and unqualified owner. My husband shall have the power and the right to devote the entire property, principal and income to his support, maintenance and comfort, using, and if necessary consuming, for such purposes the entire estate, principal and income. Third. I hereby appoint my husband, Albert H. Estes, executor of this my last will and testament; and I direct that no bond or security be required of him as executor. It is my will, and I so direct, that no other action shall be had in the County Court in the administration of my estate than to approve and record this Will and return an inventory and appraisement of my estate and list of claims." The will was duly probated in the County Court of Dallas County on October 9, 1945.

As shown above, defendant Albert H. Estes was made life tenant and the status of appellees is that of remaindermen. While the power of the life tenant to sell, incumber, mortgage, convert, reconvert, invest, reinvest, loan and in every other way manage or dispose of the properties belonging to the estate, real and personal, is quite broad and comprehensive, yet it is the contention of appellees that his power in this respect is not wholly unrestrained, and must be exercised for his own comfort, maintenance and support. Appellees alleged, in substance, that the life tenant had individual funds on hand sufficient for his maintenance and support; also had in his possession personal property belonging to the estate, such as cash and bonds, more than sufficient to maintain and support him; that it was not necessary to sell the property involved, or any other real estate belonging to the estate, for the comfort, maintenance and support of the life tenant; and that unless restrained, he would consummate sale of the land in question to defendant Crum for a grossly inadequate price, alleging that the price at which the sale would be made was $2,100 per acre, whereas, the property was worth $4,000 per acre; that sale of the land on the basis undertaken would cause appellees to suffer an irreparable loss and constitute a fraud upon their rights. Appellees alleged further that the life tenant claims the absolute and unqualified right and power to sell properties belonging to the estate, real and personal, or any part thereof, at and for such price and upon such terms as he might elect and irrespective of the necessity of selling or converting same into cash for the purpose of his comfort, support and maintenance; therefore, it was necessary for the will to be judicially construed in order to determine and

adjudicate the rights, status and powers of the respective beneficiaries under the will. Appellees prayed that the court hear evidence on the issues of fact raised; that the will be construed and an appropriate decree determining and adjudicating the respective rights, duties and status of the parties be entered, particularly in respect to the right of the life tenant to sell properties for a grossly inadequate price or for any purpose other than for the comfort, maintenance and support of himself as provided in the will.

The defendants Estes and Crum each filed an answer consisting almost altogether of special exceptions, the effect of which was to challenge the sufficiency of appellees' petition to state a cause of action; also filed motions to dismiss the suit on the ground that appellees had not alleged a sustainable cause of action. At the pretrial hearing on April 25, 1946, these special exceptions and motions to dismiss were presented by appellants and overruled by the trial court. Subsequently, appellants filed amended answers, again urging special exceptions to appellees' petition, contending that no sustainable cause of action had been alleged, again moving to dismiss appellees' suit for that reason; and, in addition, appellant Crum made an application for injunction to restrain appellees from prosecuting their suit against either appellant; also, the Home Development Company, having been permitted to intervene, claiming that it had an executory contract with Crum to purchase 6¾ acres of the land, joined Crum in the application for an injunction to restrain appellees from prosecuting their suit. On June 17, 1946, the second pretrial hearing was had, at which the special exceptions plead by appellants and their motions to dismiss were presented, and overruled by the court. Disposing of the application of Crum and Home Development Company for the issuance of an injunction to restrain appellees from prosecuting their suit, the court rendered judgment which, in so far as is material here, reads as follows: "On this the 17th day of June, 1946, came on regularly to be heard in the above entitled and numbered cause the cross action of the defendant, Paul Crum, and the interven-

tion of Home Development Company, seeking temporary and permanent injunction against the plaintiffs, Ethel Gordon Randall and Gladys Randall Giles, from further prosecuting this suit against Paul Crum, and all parties appeared in person or by counsel and announced ready: And, thereupon, after hearing and considering the pleadings and the evidence adduced, it is the judgment of the court that the injunctive relief sought by the defendant, Paul Crum, and the intervenor, Home Development Company, should be denied. And it appearing to the court and the court so finds that this case is pending upon the Jury Docket of this Court and that there has been no trial upon the merits of controversy before a jury, the plaintiffs having heretofore demanded and paid the jury fee. It is therefore, ordered and adjudged that the application of Paul Crum and Home Development Company for a temporary injunction be and the same is hereby denied; and, also, that the petition of Paul Crum for a mandatory injunction directing the defendant Albert H. Estes, to convey the property involved in this suit to him be and the same is hereby denied. It is further ordered that all costs of this proceeding be adjudged against the defendants, Albert H. Estes, Paul Crum, and intervenor, Home Development Company. And, thereupon, in open court, the defendants, Paul Crum and Albert H. Estes, and the intervenor, Home Development Company, excepted to the judgment of the court and gave notice of appeal to the Court of Civil Appeals for the Fifth Supreme Judicial District of Texas at Dallas." Appellants perfected an appeal and filed the record in this court within the time prescribed by the rules for appeals from interlocutory orders.

The record reveals that the main case, that is, the suit by appellees against Estes and Crum to prevent the consummation of an executory contract for the sale of 16½ acres of land belonging to the estate, and to have the will construed, was not tried, but the exceptions thereto and motions to dismiss were overruled, and the cause is now pending on the jury docket in the trial court, awaiting final trial on the merits. Notwithstanding the condition of

the record just stated, appellants contend that the effect of the appeal denying a temporary injunction was to bring the whole case before this court for adjudication; and have urged points of error and briefed the case as though it had been tried on its merits and judgment adverse to them rendered; and in this connection insist that the cross-action of appellants for injunctive relief, in effect, was an action for specific performance; that the legal remedy of trial and appeal therefrom would prove inadequate; that the record shows the property was purchased by Crum for the purpose of building thereon dwelling houses for veterans of World War Two, and that this court will take judicial notice as to the necessity of priorities for building material and that such priorities are of limited duration, hence if appellant Crum must wait until a jury passes upon the facts of the case before any one has a right to appeal to determine simply a question of law, appellees would win the case by lapse of time, and appellants would suffer irreparable injury which could not adequately be compensated with damages; concluding with the contention that, by considering Crum's cross-action as a suit for specific performance, it follows that the whole question including the judicial interpretation of the will, may be disposed of on this appeal.

We cannot accept appellants' view in regard to this matter. In the case of Morrow v. Corbin, 122 Tex. 553, 62 S.W.2d 641, 646, the late Chief Justice Cureton announced the doctrine applicable to this case, which, in our opinion, completely answers appellants' contention in the respect above mentioned. Although the Morrow-Corbin suit was not an appeal from either granting or refusing a temporary injunction, yet the principles announced are fundamental and applicable to any case involving the questions here presented. Among other things, Judge Cureton announced the following doctrine: That the jurisdiction of trial courts, under the Constitution, once it attaches, embraces every element of judicial power allocated to those tribunals, and includes the power to hear the facts, the power to decide the issues of fact made by the pleadings, the power to decide the questions of law involved, the power to enter a judgment on the facts found in accordance with the law as determined by the court, and the power to execute the judgment or sentence; that the power thus confided to the trial court must be exercised by them as a matter of nondelegable duty, and can neither, with nor without the consent of the party litigants, delegate the decision of any question within their jurisdiction, once jurisdiction has been lawfully invoked, to another agency or tribunal, and that any legislative act attempting to authorize such a delegation of authority is inconsistent with those provisions of the Constitution which confer jurisdiction on the trial tribunals; that appellate jurisdiction is the power and authority conferred upon a superior court to rehear and determine, that is, to review causes which have been tried in inferior courts; that this jurisdiction may not be exercised before there has been a decision by the tribunal from which the cause comes for review. "Not only must there be a trial in the inferior court" said Judge Cureton, "but the trial must result in a final judgment disposing of all issues and parties before appellate jurisdiction may attach."

We are of opinion, therefore, that the only question adjudicated below and by the appeal presented to this court for review, is whether or not the trial court erred in refusing to grant the injunction sought to restrain appellees from prosecuting their suit. For reasons which will now be stated, we do not think the court erred in this respect.

The facts are undisputed. The record discloses that the appellants Estes and Crum urged special exceptions and motions to dismiss appellees' suit, based on the contention that the petition failed to allege a cause of action. The trial court overruled these contentions. Prior to that time, no injunctive relief had been sought. Later, appellants amended their answers, again urged special exceptions and motions to dismiss appellees' suit for the reason just stated; and, in addition, appellant Crum and intervenor Development Company ap-

plied for injunctive relief, seeking to restrain appellees from prosecuting their suit. At the second pretrial hearing, the court again overruled the exceptions and motions to dismiss, which left the case on the jury docket for trial on its merits, where it is·still pending. The court, as heretofore shown, denied the injunctive relief sought, from which the instant appeal was prosecuted. Seemingly, appellants conceived the idea of employing the injunction as a means of transferring the trial of the cause on its merits from the trial court to this court.

It is quite obvious, we think, that if the injunctive relief sought were granted, it would deprive appellees of their day in court, of the right of a jury trial on the issues of fact presented, and of their right to have the will construed, which, under the Declaratory Judgments Act, Vernon's Ann.St. Art. 2524—1 et. seq., clearly is a justiciable matter. It would also have defeated the original ,and exclusive jurisdiction of the trial court, and disposed of all issues in controversy between the parties. The mandatory injunction sought by Crum against Estes is aside from and immaterial to the question involved in the main case, as it is apparent there is no bona fide controversy between these parties.

■■ A similar question was before the Supreme Court in the early case of Chadoin v. Magee, 20 Tex. 476, 477; the court there said: "An injunction is never granted to stay proceedings in a suit, before judgment, merely because the plaintiff therein has no cause of action." In the instant case, however, we think appellees' petition presented justiciable matters. In James v. E. Weinstein & Sons, Tex.Com.App., 12 S.W.2d 959, 961, the court said: "The purpose of the issuance of a temporary injunction is to maintain the status quo in-

regard to the matter in controversy, and not to determine the respective rights of the parties under the cause of action asserted or defenses urged, * * *. [And] if the effect of the granting of a temporary injunction does more than preserve the status of the property as it had theretofore existed, and accomplishes the whole object of the suit, it would be improper for the court to grant same." And in Texas Co. v. Honaker, Tex.Civ.App., 282 S.W. 879, 882, the court observed: "A suit for injunction cannot be maintained merely as a method of prosecuting an appeal from a judgment or order of the court from which no appeal lies." Also, in Courchesne v. Santa Fe Fuel Company, Tex.Civ.App., 155 S.W. 684, 686, it was said that "It is apparent from the face of the petition that one of the grounds relied upon for the issuance of the writ of injunction is that the causes of action asserted by the company in said cross-action are without merit. There is no allegation or intimation that the assertion of the cross-action is in any way tainted with fraud, or that any fraud would be perpetrated in the hearing and determination of the issues raised by such cross-action. An injunction is not properly granted to stay the prosecution of a suit merely because the plaintiff has no cause of action. Chadoin v. Magee, 20 Tex. 476, 477." Also see Dorris Motor Car Co. v. Colburn, 307 Mo. 137, 270 S.W. 339.

■ In view of the reasons stated and the authorities cited, we do not think the court erred in refusing to grant the temporary injunction sought; but, irrespective of the reasons stated and the authorities cited, we are of opinion that, in no event, could it correctly be said that the court abused its discretion in refusing the injunction. Therefore, the judgment below is affirmed.