**In the Interest of Justin Gregory WEBSTER, a Child.**

No. 07–97–0028–CV.

Court of Appeals of Texas, Amarillo.

Oct. 19, 1998.

William L. Rivers, Amarillo, for appellant.

Dale Lee, Texas Department of Protective and Regulatory Services, Amarillo, James Farren, Criminal District Attorney, for appellee.

Candance Norris, Ad Litem, Canyon, for Child.

Frank Baughman, Amarillo, for Parents.

Before DODSON and QUINN and REAVIS, JJ.

REAVIS, Justice.

Appellant Theresa Webster, grandmother of Justin Gregory Webster, appeals complaining of an amended decree terminating the parent-child relationship between Justin and his parents, Jennifer Amber Webster and Michael David Webster, and ordering restricted and supervised access by Theresa to her grandchild. By four points of error, Theresa asserts trial court error in (1) failing to submit findings of fact and conclusions of law, (2) granting access to Justin only at the discretion of the Texas Department of Protective and Regulatory Services (the Department), (3) restricting access to Justin to the offices of the Department located in Lubbock, and (4) requiring that access to Justin be supervised by an agent or employee of the Department.[1] Based on the rationale expressed herein, we reverse and remand.

Justin was born on October 16, 1992, to Jennifer Amber Webster and Michael David Webster. A month later, the Department filed a petition for emergency protection of Justin on the grounds of immediate danger to the physical health or safety of the child and prayed that it be appointed temporary managing conservator. On October 6, 1995, the Department filed an amended petition seeking termination of the parental rights of Jennifer and Michael and asking to be appointed sole managing conservator. Among other allegations, the Department also alleged that Michael had been "adjudicated to be criminally responsible for the death or serious injury of a child."

On February 29, 1996, Theresa, Justin's paternal grandmother, filed a petition in intervention in the Department's suit seeking reasonable possession of or access to Justin. However, when the trial court entered its initial decree of termination of parental rights, it reserved ruling on Theresa's petition, which resulted in a petition for writ of mandamus being filed in this Court. After we ordered the trial court to consider Theresa's petition by an unpublished opinion dated September 17, 1996, the court entered an amended decree of termination granting Theresa access to Justin.

Initially, by opinion dated December 10, 1997, this Court sustained Theresa's first point of error by which she contended the trial court erred in failing to submit findings of fact and conclusions of law as requested, and we abated this appeal and remanded the cause to the trial court with instructions to enter findings of fact and conclusions of law. In accordance with our directive, the trial court entered its findings and conclusions, which were forwarded by the district clerk in a supplemental clerk's record and filed.

---

1. The Texas Department of Regulatory Services did not file a brief in this appeal.

Therefore, Theresa's first point of error is moot.

By her second point of error, Theresa asserts the trial court abused its discretion in granting access to Justin only at the discretion of the Department. We agree. At the time of the hearing on the decree of termination, section 153.433 of the Texas Family Code[2] provided that the "**court** may order reasonable access to a grandchild by a grandparent." The amended decree of termination entered by the trial court provided that Theresa have access to Justin:

> at the offices of the Texas Department of Protective and Regulatory Services located in Lubbock, Texas, **at the times and on the dates specifically designated by the Texas Department of Protective and Regulatory Services** and that access to the child by TERESA [sic] WEBSTER shall be supervised at all times by an agent/employee of the Texas Department of Protective and Regulatory Services.

The judicial power of the State is vested in the Supreme Court, Court of Criminal Appeals, Courts of Appeals, District Courts, County Courts, Commissioners Courts, Courts of the Justices of the Peace, and such other courts as may be provided by law. TEX. CONST. art. 5, § 1 (Vernon 1993). A court's authority cannot be delegated and a trial judge may not relinquish its powers to others. Simpson v. Canales, 806 S.W.2d 802, 811–12 (Tex.1991); Tabor v. Hogan, 955 S.W.2d 894, 897 (Tex.App.—Amarillo 1997, no pet.).[3] In other words, once the jurisdiction of a court has been lawfully invoked, its judicial power must be exercised as a nondelegable duty and cannot be assigned to another agency or tribunal. Crum v. Randall, 198 S.W.2d 936, 939 (Tex.Civ.App.—Dallas 1946, no writ).

Here, because the court's amended decree delegated its discretionary authority to determine reasonable access to Justin to the Department at the times and on the dates to be set by the Department, we conclude that it was an improper delegation of judicial power. Accordingly, we sustain point of error two. Our sustention of this point pretermits a discussion of points of error three and four.

Accordingly, the judgment of the trial court is reversed and remanded for further proceedings, not inconsistent with this opinion, to determine reasonable access to Theresa of her grandchild, Justin.

**2.** Act of April 6, 1995, 74th Leg., R.S., ch. 20, § 1, 1995 Tex. Gen. Laws 113, 157–58 (amended 1997) (current version at Tex. Fam.Code Ann. § 153.433 (Vernon Supp.1998)).

**3.** Lemon v. State, 861 S.W.2d 249, 251 (Tex.Cr. App.1993) (the trial court improperly delegated to a probation officer its responsibility to impose the conditions of probation).