Opinion filed January 22, 2021



In The

# Eleventh Court of Appeals

_____

## No. 11-20-00167-CV

_____

## IN THE INTEREST OF K.E.S. AND L.R.S., CHILDREN

**On Appeal from the 35th District Court**
**Brown County, Texas**
**Trial Court Cause No. CV 18-10-417**

## M E M O R A N D U M   O P I N I O N

This appeal stems from an order entered in a suit affecting the parent–child relationship. The suit was filed by the Department of Family and Protective Services. The trial court held a bench trial and entered a final order in which it (1) appointed the parents as joint managing conservators of the children, (2) removed the Department as a conservator, (3) gave the father the exclusive right to establish the residence of the children, (4) limited the mother's possession of and access to the children, and (5) ordered the mother to pay child support. The mother

filed a notice of appeal and, on appeal, presents three issues related to the custody provisions in the trial court's order. We affirm the trial court's order.

In her first issue, Appellant asserts that the trial court erred when it delegated to the father its authority to determine the mother's access to the children. In her second issue, Appellant contends that the trial court abused its discretion when it deviated from the standard possession order without entering any findings to support the rebuttal of the standard possession presumption under the Family Code. *See* TEX. FAM. CODE ANN. § 153.252 (West 2014). Similarly, Appellant asserts in her third issue that the trial court abused its discretion because it made no findings to support its determination that the standard possession order was inappropriate or unworkable under the Family Code. *See id.* § 153.253.

Because Appellant complains, in her first issue, about the terms of the trial court's final order with respect to the custody of the children, we set out the relevant provisions of that order here:

> 6.1. The Court finds that the circumstances of the [children] . . . , conservators or other party affected by the prior orders for conservatorship in this case have materially and substantially changed since rendition of the prior order, and that the appointment of [the father and the mother] as joint managing conservator would be a positive improvement for the [children].

> 6.2. **IT IS THEREFORE ORDERED** that [the father and the mother] are appointed Joint Managing Conservators of the [children] . . . . [The father] has the exclusive right to establish the residence of the child without geographic restriction.

> . . . .

> 8.3.7. **IT IS ORDERED** that the conservators shall have possession of the children at times mutually agreed to in advance by the parties and, in the absence of mutual agreement, as specified in

**Attachment A** to this order, which is incorporated herein as if set out verbatim in this paragraph.

Attachment A provides in relevant part as follows:

> **21.   IT IS ORDERED** that Respondent Mother, . . . named as joint managing conservator of the [children], shall have possession and access as follows:
>
>> 21.1.  For a period of ninety days from the date of these orders, Respondent Mother . . . shall have four hours of weekly supervised visits with the children supervised by . . . .
>>
>> 21.2.  At the end of the first ninety day period, Respondent Mother . . . shall commence, for an additional ninety day period, unsupervised periods of possession and access to the children on the first and third Saturdays of each month starting at 10:00am and ending at 6:00pm . . . .
>>
>> 21.3.  At the end of the second ninety day period, Respondent Mother . . . shall commence unsupervised periods of possession and access to the children on the first and third weekends of each month commencing at 6:00pm on Friday and ending at 6:00pm on Sunday . . . .
>>
>> 21.4.  Respondent [Father] shall have the right, up to four times per year, to request [that] the Respondent Mother . . . submit to a urinalysis or hair follicle substance abuse test . . . .
>>
>> 21.5. In the event a substance abuse test of Respondent Mother . . . is positive for any illegal substance, her rights of possession and access shall re-start at Phase One.

Appellant contends that the trial court abused its discretion when, in the above-quoted provisions, it delegated its judicial authority to the father. According to Appellant, the trial court improperly delegated its authority to determine her

access to the children, which was a nondelegable duty. *See In re Webster*, 982 S.W.2d 526, 528 (Tex. App.—Amarillo 1998, no pet.). We agree with the general proposition asserted by Appellant: a trial court may not delegate its authority or relinquish its powers to others. *See id.* However, we do not agree with Appellant that the trial court in this case delegated its authority or relinquished its powers to the father.

Rather, the trial court entered a final order that contained specific provisions for Appellant's possession of and access to the children. When a court places restrictions or conditions on a conservator's possession, the court must specifically set out those restrictions or conditions. *In re A.L.E.*, 279 S.W.3d 424, 432 (Tex. App.—Houston [14th Dist.] 2009, no pet.); *In re A.P.S.*, 54 S.W.3d 493, 499 (Tex. App.—Texarkana 2001, no pet.). Similar to the order at issue in *A.L.E.*, the provisions in the order before us did not delegate to the father any authority to deny Appellant her right to possession of the children, nor did those provisions give the father discretion to deny Appellant her right to possession of or access to the children. *See A.L.E.*, 279 S.W.3d at 432–34. The trial court merely gave the father a right to request that Appellant take a drug test four times a year. The father had no discretion with respect to the results of the drug tests or to Appellant's possession of the children based upon those results. The trial court's order contained specific provisions for the consequences of a positive drug test result. We hold that the trial court did not improperly delegate its authority to determine Appellant's possession of or access to the children. Accordingly, we overrule Appellant's first issue.

In her second and third issues, Appellant complains of the lack of findings of fact related to two sections of the Family Code. Both of those sections involve the standard possession order; the trial court here did not follow the terms of the standard

4

possession order. *See* FAM. §§ 153.311–.316 (West 2014 & Supp. 2020). The statute to which Appellant refers in her second issue provides that "there is a rebuttable presumption that the standard possession order" is in the best interest of a child and that the standard possession order provides for the "reasonable minimum possession of a child for a parent named as a possessory conservator or joint managing conservator." FAM. § 153.252. The statute to which Appellant refers in her third issue provides that a trial court "shall render an order that grants periods of possession of the child as similar as possible to those provided by the standard possession order if the work schedule or other special circumstances . . . make the standard order unworkable or inappropriate." *Id.* § 153.253.

On appeal, Appellant does not assert that the evidence presented at trial was insufficient to support a finding under Section 153.252 or Section 153.253. Appellant instead asserts that the trial court abused its discretion when it failed to enter findings of fact to support the trial court's conclusions under these statutes.

The record shows that, after conducting a bench trial, the trial court penned a written document that was signed by the judge and sent to the parties prior to the entry of the final order. In that document, which the trial court referred to as "FINDINGS AND ORDERS AFTER BENCH TRIAL," the trial court set forth the findings and orders that needed to be included in the final judgment. At the end of the document, the trial court included the following language: "The Court requests the Department prepare and submit to the Court for entry a Final Order in Suit Affecting The Parent-Child Relationship reflecting the findings and orders announced by the Court." Appellant refers to this document as the trial court's findings of fact and conclusions of law and complains about the lack of findings of fact related to Sections 153.252 and 153.253.

This court is of the opinion that the above-mentioned document, Findings and Orders After Bench Trial, was not intended to, and does not, contain "findings of fact" as that term is used in Section 153.258 of the Family Code and in Rules 296, 297, 298, and 299 of the Texas Rules of Civil Procedure. *See* FAM. § 153.258 (requiring that trial court "on request by a party" state in writing the specific reasons for its variance from the standard possession order); TEX. R. CIV. P. 296–299. Nothing in the record or in the "Findings and Orders After Bench Trial" indicates that the trial court intended for that document to be deemed the trial court's findings of fact and conclusions of law. Instead, with that document, the trial court merely informed the parties of its rulings and requested that a formal, final judgment be prepared and submitted to the trial court. We note that findings of fact (1) shall not be recited in a judgment and (2) shall be filed as a document separate and apart from the judgment. TEX. R. CIV. P. 299a.

A trial court is not required to state in writing its specific reasons for any variance from the standard possession order *unless one of the parties files a request* for the trial court to do so. FAM. § 153.258(a). "A request for findings of fact" under Section 153.258 "must conform to the Texas Rules of Civil Procedure." *Id.* § 153.258(b). Under Rule 296, a request for findings of fact and conclusions of law shall be filed with the clerk of the trial court within twenty days after the trial court signs the judgment. TEX. R. CIV. P. 296. The clerk's record in this cause does not contain any request for findings of fact, nor does it contain any request for additional or amended findings of fact. *See* TEX. R. CIV. P. 296, 298. When a party fails to file a request for findings of fact as required by Section 153.258, all findings necessary to support the trial court's judgment are implied. *In re P.A.C.*, 498 S.W.3d 210, 217 (Tex. App.—Houston [14th Dist.] 2016, pet. denied).

Because Appellant did not request that the trial court enter findings of fact regarding the trial court's specific reasons for the variance from the standard possession order, the trial court was not required to enter any such findings. *See* FAM. § 153.258. We hold, therefore, that the trial court did not abuse its discretion when it failed to do so. We overrule Appellant's second and third issues.

We affirm the order of the trial court.

JIM R. WRIGHT
SENIOR CHIEF JUSTICE

January 22, 2021

Panel consists of: Bailey, C.J.,
Trotter, J., and Wright, S.C.J.[1]

Williams, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.